## THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILWAY CO. *v.* HAYS ET AL.

PLEADING.—*Contract.*—*Common Carrier.*—In a complaint against a railroad company for a breach of a contract to furnish, at a certain time and place, the necessary cars, and to transport a certain number of hogs, it is not necessary to allege that the defendant, at the time complained of, had the ability to transport or to furnish the means to transport said hogs.

From the Grant Circuit Court.

*N. O. Ross,* for appellant.

BUSKIRK, C. J.—This was an action by the appellees against the appellant, as a common carrier, to recover damages for a breach of its contract to transport certain live hogs of appellees.

Issue, trial by jury, verdict for appellees, motion for a new trial overruled, and judgment on the verdict.

The appellant has assigned for error, that the complaint does not contain facts sufficient to constitute a cause of action, and that the court erred in overruling a motion for a new trial.

The objection urged to the complaint is, that it is not averred that the appellant, at the times complained of, had the

ability to transport, or to furnish the means to transport, the plaintiffs' hogs.

The complaint was in three paragraphs. In the first, it is averred that the plaintiffs, on or about the 20th of October, 1872, informed the agent of appellant, at Marion, Indiana, that they would have five hundred head of hogs to ship from said point over its road, and that said agent then agreed to have the necessary cars ready at such point on the 28th day of November, 1872; that in pursuance of said contract, the plaintiffs, on the 28th of November, 1872, placed five hundred head of hogs in the appellant's pens at said point, ready to be shipped, and then notified the said agent that said hogs were ready for shipment, and requested said agent to furnish the necessary cars to transport said hogs to the city of Pittsburgh, Pennsylvania; that the appellant unreasonably failed and refused, for the space of one month, to transport the said hogs; and that, by reason of such delay, the plaintiffs were damaged in the sum of five hundred dollars, in the expense of feeding and taking care of said hogs; in the further sum of five hundred dollars in the falling off in weight of said hogs; and in the further sum of five hundred dollars in the depreciation in value of said hogs at Pittsburgh, the place to which they were to be shipped.

The second paragraph of the complaint is the same as the first, except it is alleged that the plaintiffs, on the 28th day of November, 1872, at the instance and request of the defendant, delivered and placed in the pens, at Marion, so belonging to said defendant, to be shipped on said defendant's road by said defendant, two thousand fat hogs, etc.

The third paragraph is the same as the first, except the hogs were delivered at Upland, instead of Marion.

We think the complaint is good. Each paragraph of the complaint alleges a contract to furnish the necessary cars to transport the hogs. In such case, it is not necessary to aver ability to furnish transportation. The appellant having agreed to furnish the cars was bound to do so or compensate in damages for the failure.

The motion for a new trial was overruled, and judgment rendered on the 14th day of February, 1874, and sixty days time was granted to prepare and file the bill of exceptions. The clerk has copied into the transcript a bill of exceptions, but it does not appear to have ever been filed in the clerk's office, nor was the transcript certified within sixty days from the rendition of the judgment. Under these facts, the bill of exceptions cannot be regarded as constituting a part of the record, and hence no question is presented as to the action of the court in overruling the motion for a new trial.

The judgment is affirmed, with costs.