Filed Sept. 27, 1894.

---

1,109.

## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. Racer et al.

Agency.—*Agent Acting in Apparent Scope of Authority.*—*Unknown Limitation.*—The public, in dealing with an agent (railroad station agent) acting within the apparent scope of his authority (agreeing to furnish cars to a shipper at a specified time), have the right to rely upon his apparent authority, notwithstanding some unknown limitation upon it.

From the Blackford Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellant.
*J. Cantwell*, *S. W. Cantwell*, *H. Brownlee* and *H. J. Paulus*, for appellees.

Gavin, J.—The appellees sued to recover damages for appellant's failure to furnish cars to transport certain

live stock. The pleadings are set out in a former report of the case of *Pittsburgh, etc., R. W. Co.* v. *Racer*, 5 Ind. App. 209.

The only questions presented to this court relate to the sufficiency of the evidence to sustain the special findings of the court upon which conclusions of law were declared in favor of the appellees.

The principal questions of law involved in this appeal have been settled by the former decision of this court, wherein it is declared that "if a shipper's order to a common carrier of live stock for a designated number of cars, to be furnished at a station indicated, on a day mentioned in the future, for the transportation of such stock, be accepted by the carrier, such agreement would constitute a contract binding on the company to furnish the cars and upon the shipper to furnish the stock to load them."

The evidence fairly justified the finding of the trial court that appellant, by its agent, agreed to furnish the cars on the day named. It does not necessarily follow, from the mere fact that such a contract by him was unauthorized, that it was not binding upon the appellant. Its agent was placed in full charge of its station. He was the sole medium for the transaction of appellant's business with the public, at the place in question. The appellees had been in the habit of ordering cars from him and of having their orders duly filled. They had no knowledge of the limitations upon his power to contract for cars. The contract was an apparently reasonable one. While there may be some conflict on some of these propositions, there was evidence fairly supporting each of them, and taken together they bring this case far within the rule as laid down by the authorities upon this subject.

The public in dealing with the agent thus acting

within the apparent scope of his authority, have the right to rely upon his apparent authority, notwithstanding some unknown limitations upon it. *Easton* v. *Dudley*, 78 Tex. 236; *Gulf, etc., R. W. Co.* v. *Wright* (Tex.), 21 S. W. Rep. 80; *Wood* v. *Chicago, etc., R. W. Co.*, 68 Iowa, 491; *Deming* v. *Grand Trunk R. R. Co.*, 48 N. H. 455; *Pruitt* v. *Hannibal, etc., R. R. Co.*, 62 Mo. 527; *Harrison* v. *Missouri, etc., R. W. Co.*, 74 Mo. 364; Hutchinson Carriers, section 319.

Mechem on Agency, section 396, declares the law to be that "A railway station agent authorized to receive and forward freight has implied authority to contract to furnish a certain number of cattle cars at his station on a specified day, the shipper being ignorant of any limitation upon his powers."

In 1 Wood on Railways, section 165, it is said, "Therefore he (the station agent) has authority to bind the company by a contract to have cars ready for the shipper at a particular time," in the absence of any adequate notice of any limitation of the agent's authority.

Whether the contract was made upon the 28th or 29th of August is entirely immaterial. If made on either day the company must respond in damages for its failure to fulfill it. *Pittsburgh, etc., R. W. Co.* v. *Hays*, 49 Ind. 207; Hutchinson Carriers, sections 317, 269.

This agreement to furnish the cars at a specified time was not merged in the bill of lading, issued after the violation of the first agreement, when the cattle were actually loaded and shipped.

Because the appellant had failed to carry out the contract to furnish cars, the appellees were not driven to the choice of either abandoning the shipment of their stock or surrendering their right to damages for the failure of the appellant to furnish the cars at the time named.

*Harrison* v. *Missouri Pac. R. W. Co., supra; Cleveland, etc., R. R. Co.* v. *Perkins,* 17 Mich. 296.

Judgment affirmed.

Filed April 25, 1894.

### On Petition for a Rehearing.

Gavin, J.—Appellant's counsel have filed a petition for a rehearing, in which several matters are adverted to. In it, however, they say: "There remains, therefore, but one question for this court to consider: Did appellant contract to furnish appellees cars on the 30th day of August, 1890. If it did, the judgment was rightly confirmed; if it did not, the judgment should be reversed." This is clearly recognized in the original opinion as the vital question in the case.

The Hon. Joseph S. Dailey, now one of the judges of the Supreme Court, heard the evidence in this cause upon its trial, and found that the appellant did agree to furnish the cars at the time specified. After a careful consideration of all the evidence, this court concluded that this finding was fairly sustained by the evidence.

The petition for rehearing, however, which purports to have been prepared by "G. E. Ross," asserts in most positive and emphatic manner that this finding is *"false."* The emphasis is his own. We have, therefore, again examined the evidence, and find that while counsel set out parts of the evidence relating to this subject, as to which they explicitly state—"and this was all the evidence on that subject," they have, by some strange oversight, omitted the following evidence by Thomas H. Racer, one of the plaintiffs:

"A.   *   *   *   I went up north of here six or seven miles and bought a lot of cattle Thursday, the 28th, and then I came here to receive stock Friday morning, I

think, but I won't be positive, and told him I wanted cars to ship Saturday.

"Q. Told whom? A. Mr. Robbins, Herman Robbins, the station agent. This was on Friday morning, August 29th.

"Q. What reply did he make to that? A. He said all right.

"Q. He made the order? A. Yes, sir, through Dunkirk."

Here is clearly evidence sufficient, notwithstanding the emphatic denial of counsel, upon which to base the finding of the trial court. Appellant thereby indicated its acceptance of the order, and became bound to fill it under the express holding of this court on its former decision.

When the minds of the parties meet as to the terms of a contract, and this unison of intention has been expressed, the contract is made.

"When words of assent are relied upon as showing the meeting of minds, it is of little consequence how informal they are. Any words which manifest actual agreement will suffice." Addison Cont., section 15, note.

Notwithstanding the very positive assertions of the counsel, we are of the same opinion still.

The petition is overruled.

Ross, J., did not participate in the consideration of this opinion, nor of the original opinion herein.

Filed Sept. 20, 1894.