The Louisville, New Albany and Chicago Railway Co. v. Craycraft.

Filed April 5, 1895.

---

No. 1,348.

## The Louisville, New Albany and Chicago Railway Company v. Craycraft.

RAILROAD.—*Parol Contract of Shipment.—Damages Under.—Subsequent Written Contract.—Action for Damages.—Defense.*—Where a railroad company receives stock for shipment under a parol contract to carry them to a certain place, and the stock are injured by reason of a defect in the car, the railroad company is liable in damages; and the fact that the parties, after the injury occurred, entered into a written contract of shipment, would not destroy the right to recover damages for the prior breach of the parol contract, unless there was an express provision to that effect, in which event it would devolve upon the railroad company to plead such provision in defense.

SAME.—*Parol Contract of Shipment.—Right of Action Accruing Under. —When Not Merged.—Subsequent Written Contract.*—The parol contract having been made and broken before the written contract was made, the parol contract was not merged in such a sense as to destroy the right of action accrued thereunder.

From the Jackson Circuit Court.

*E. C. Field* and *W. S. Kinnan*, for appellant.

*J. A. Zaring* and *M. B. Hottel*, for appellee.

GAVIN, J.—The appellee sued to recover damages for injuries to five mules, sustained by reason of their being put into a defective car.

The first paragraph counts on the common law liability under an ordinary parol contract of shipment.

The second paragraph sets up a written contract.

The court, in its special finding, found in favor of the appellant upon the second paragraph and for the appellee upon the first.

The appellant questions here the sufficiency of the first paragraph, claiming that it does not sufficiently allege performance of the contract by appellee.

An examination of the complaint fails to disclose any condition precedent unperformed by appellee, or any failure to aver any fact upon which appellant's liability depends. We may add that the demurrer is in such form as to test the sufficiency, not of each paragraph separately, but of the entire complaint. *Meyer* v. *Bohlfing*, 44 Ind. 238; *Cooper* v. *Hayes*, 96 Ind. 386.

The special findings show that appellee delivered and appellant received the mules for shipment under a parol contract to carry them to Louisville, they were placed in the car, and the injury happened, without any written contract of shipment, and, so far as the findings disclose, without any suggestion or expectation of one. After the defect in the car had been discovered, and the injury had occurred, the mules were transferred to another car, when a written contract for their carriage was signed by the parties. Under this finding the contract of shipment was complete and binding upon both parties and the breach occurred before any written contract was entered into. Notwithstanding the prior parol contract, the parties had a right to change it and make a new written contract which would govern as to the rights of the parties from that time forth, but this would not destroy the right to recover damages for a prior breach of the parol contract, unless there was an express provision to

that effect, in which event it would devolve upon the appellant to plead it.

While a written contract merges into itself all prior parol negotiations with reference to that contract, it by no means necessarily merges into itself all other contracts actually entered between the parties, even though relating to the same property. Especially is this true when the first contract has been not only made but broken before the second is consummated. *Pittsburgh, etc., R. W. Co.* v. *Racer,* 10 Ind. App. 503; *Harrison* v. *Missouri, etc., Railway Co.,* 74 Mo. 364; *McAbsher* v. *Richmond, etc., R. R. Co.,* 108 N. C. 344; *Cleveland, etc., Railroad Co.* v. *Perkins,* 17 Mich. 296.

The right of the parties to change a contract of shipment is expressly sustained by *Toledo, etc., R. R. Co.* v. *Levy,* 127 Ind. 168.

The fact that the court did not set out in its findings the terms of the written contract did not injure the appellant since the finding was in its favor on the issue as to which this contract was pertinent.

The conclusions of law were in our judgment right and the damages not excessive nor the finding without sufficient evidence under well established rules of law.

It is objected that the freight should have been deducted from the damages allowed. It is sufficient answer to this to say that there is nothing in the evidence to indicate that the freight charges were not paid.

There is nothing in our holding which in any degree conflicts with the decision of the Supreme Court in *Lake Shore, etc., R. W. Co.* v. *Bennett,* 89 Ind. 457, where it is said: "When, therefore, the court found, as it did, that appellee's cattle were delivered to and received by the appellant under a special contract, which was at the time duly executed by the parties, it would seem that such finding would be an end of the case, as stated in the

first paragraph of the complaint [being upon the implied contract as common carrier], and that no recovery could be had thereon." The essential features which there operated to overthrow the first paragraph of complaint are by the court expressly found not to exist in this case.

Filed Jan. 11, 1895.  Petition for rehearing overruled Apr. 5, 1895.