CORNWELL, RESPONDENT, *v.* DAVIS, AGENT, ETC.,
APPELLANT.

(No. 5,003.)

(Decided June 13, 1924.)

*Railroads—Livestock—Agreement to Furnish Cars for Inter-
state Transportation Void.*

> 1. A contract by which a common carrier agrees to furnish to a
> shipper a given number of cars on a designated date for the interstate
> transportation of livestock is void and in conflict with the provisions
> of the Interstate Commerce Act as amended; hence a breach of the
> contract by the carrier does not give rise to an action for damages
> in favor of the shipper.

*Appeal from District Court, Valley County; Carl D. Borton,
Judge.*

ACTION by R. L. Cornwell against James C. Davis, Agent
under the Transportation Act. Judgment for plaintiff and
defendant appeals. Reversed.

### Opinion: PER CURIAM.

The decision of this court, rendered on February 10, 1923
(66 Mont. 100, 213 Pac. 218), was reviewed on *certiorari* by the
supreme court of the United States and the judgment of this
court reversed, 264 U. S. 560, 44 Sup. Ct. Rep. 410, 68 L. Ed. 848.
The supreme court of the United States holds that a contract
by which a common carrier agrees to furnish to a shipper a
given number of cars on a designated date for the interstate
transportation of livestock is void, as in conflict with the pro-
visions of the Interstate Commerce Act as amended (U. S.
Comp. Stats., sec. 8563 *et seq.*) ; hence a breach of the contract
by the carrier does not give rise to an action for damages in
favor of the shipper. The decision is binding upon us, what-
ever may be our own views as to the proper construction of the
Interstate Commerce Act.

Conforming to the mandate of the supreme court of the
United States, it is ordered that the decision of this court,

rendered February 10, 1923, be and the same is set aside and held for naught, and the judgment of the district court of Valley county is reversed, and the cause is remanded, with directions to enter judgment dismissing the complaint and for defendant's costs.

*Reversed and remanded.*