TENNESSEE EGG CO. *v.* NASHVILLE, C. & ST. L. RY.*

*(Nashville.* December Term, 1924.)

**CARRIERS.** Contract to deliver car for interstate shipment on certain
date held void.

Railroad could not make valid contract to deliver car for interstate
shipment to shipper on certain date, though car was to be furnished
such railroad by other railroad pursuant to other railroad's con-
tract with shipper; such obligation being greater than that im-
posed by published tariffs.

Case cited and approved: Southern Ry. Co. v. Shipley, 147 Tenn., 40.
Case cited and distinguished: James C. Davis, Agent, etc., v. R. L.
Cornwell, 264 U. S., 560.

*Headnote 1. Carriers, 10 C. J., section 290.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
OSCAR YARNELL, Judge.

WILKERSON & HYDE, for appellant.

BROWN & SPURLOCK, WILLIAM WALLER, FRANK SLEMONS
and FITZGERALD HALL, for appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

The Tennessee Egg Company brought this suit against the Nashville, Chattanooga & St. Louis Railway to recover damages claimed to have resulted by reason of delay on the part of the defendant in furnishing to the plaintiff a car in which to ship certain poultry from McMinnville to New York. There was a judgment for the defendant below, which has been affirmed by the court of civil appeals. The case is before us on the plaintiff's petition for *certiorari*.

The plaintiff, a corporation, is a produce dealer with its principal office in the city of Chattanooga, and in the course of its business it shipped considerable quantities of live poultry, butter, and eggs from points on the lines of the Southern Railway Company and of the defendant railway to points in the East. In April, 1922, the plaintiff had contracted for a carload of poultry to be assembled at McMinnville, and applied to a local agent of the defendant at Chattanooga for a poultry car to be sent to McMinnville to take up this poultry and transport it to New York. At the time of this application there seems to have been a shortage of poultry cars on lines of defendant railway, and defendant's agent at Chattanooga was therefore unable to give to the plaintiff any immediate assurance as to supplying a car for the purpose indicated. According to the proof introduced by the plaintiff below an arrangement was then effected among the plaintiff and local agents of defendant railway and of the Southern Railway Company at Chattanooga whereby an empty poultry car was to be turned over to de-

fendant railway by the Southern Railway Company at Chattanooga for the use of the plaintiff at McMinnville. There was an understanding between the plaintiff and the agent of the Southern Railway Company that plaintiff would route the car from McMinnville to New York over the line of defendant railway to Chattanooga, and thence over the line of the Southern Railway Company as far as it went toward the destination. There was a further understanding between the agent of the defendant railway at Chattanooga and the plaintiff that if a car was obtained from the Southern Railway by the plaintiff, this car would be delivered to the plaintiff at McMinnville by the defendant railway. A poultry car was thereupon turned over by the Southern Railway Company to the defendant railway at Chattanooga, billed to the plaintiff at McMinnville. This car was carried by the defendant railway toward McMinnville as far as Tullahoma. After the car reached the latter point, however, it was diverted by the defendant railway from the plaintiff, and turned over to another shipper, who had made an earlier request for a car of this description. The plaintiff did not get a poultry car until two days later than it would have gotten this one had it not been so diverted. The damages herein claimed accrued during this delay of two days.

This suit originated before a justice of the peace, and the warrant herein is treated by both parties as averring a contract on the part of defendant railway to deliver to the plaintiff a poultry car at McMinnville on a date cer-tain, to-wit, April 20, 1922. Damages are sought as for a breach of this contract.

In the case of *James C. Davis, as Agent, etc.,* v. *R. L. Cornwell,* 264 U. S., 560, 44 S. Ct., 410, 68 L. Ed., —, decided by the supreme court of the United States April 21, 1924, it was held that a contract by a carrier to furnish a car for an interstate shipment on a day fixed was invalid, the published tariffs governing the contemplated shipment not providing for such a contract. The court said:

"The obligation of the common carrier implied in the tariff is to use diligence to provide, upon reasonable notice, cars for loading at the time desired. A contract to furnish cars on a day certain imposes a greater obligation than that implied in the tariff. For, under the contract, proof of due diligence would not excuse failure to perform. . . . The contract to supply cars for loading on a day named provides for a special advantage to the particular shipper, as much as a contract to expedite the cars when loaded. It was not necessary to prove that a preference resulted in fact. The assumption by the carrier of the additional obligation was necessarily a preference." *Davis v. Cornwell,* supra.

In the case of *Southern Railway Co.* v. *Shipley,* 147 Tenn., 40, 245 S. W., 524, it was said that, where a railroad company undertook by contract to furnish a car at a specified time, it was bound to perform such a contract. The opinion shows that this theory was adopted by the lower courts, and was not challenged by the railway company in this court. In the absence of legislation like the acts of Congress regulating commerce between the States, such a conclusion of law would doubtless be correct. In view, however, of the federal acts as construed by the supreme court of the United States in *Davis* v. *Cornwell,*

supra, this court erroneously assumed in *Southern Railway Co.* v. *Shipley,* supra, that a contract by a carrier under existing tariffs to furnish a car for interstate shipment on a fixed day was valid, and so much of the opinion as sanctions this idea is disapproved. The questions contested in *Southern Railway Co.* v. *Shipley,* supra, were as to the effect of the provisions of the bill of lading upon such a contract to furnish a car on the assumption that the contract was valid.

In this connection, inasmuch as the Tennessee statutes regulating railroads are patterned after the federal acts regulating carriers; it would perhaps not be amiss for us to express a doubt, upon consideration, as to whether a contract by a railroad company to furnish a car on a day fixed, for intrastate transportation, would be valid under existing tariffs.

Returning to the case before us, in the light of *Davis* v. *Cornwell,* supra, the defendant railway could not have made a valid contract with the plaintiff to deliver to the plaintiff at McMinnville on a day certain, from the rolling stock on defendant's lines, a car for this shipment. The Southern Railway Company could not have made a valid contract for delivery, out of the rolling stock on its lines, to one of its stations, of a car to plaintiff on a particular day. The record before us indicates that under the arrangements between the carriers, and under the rules of the Interstate Commerce Commission, each carrier has exclusive control of the distribution of cars on its own lines, subject, of course, to lawful regulations. The Southern Railway Company, therefore, could not by an agreement with the plaintiff impose upon the defendant railway an obligation to prefer the plaintiff in the

distribution of cars turned over to the defendant. If the defendant undertook to accede to any such arrangement, it made an agreement forbidden by law.

The plaintiff is not seeking to hold the Southern Railway Company to account in this suit, and the suit against the defendant railway is based upon a contract that neither carrier, alone, or in conjunction with another, was permitted to make.

We think that plaintiff's case against defendant railway cannot be assimilated to the case of a shipper who owns his own cars, as is argued. The plaintiff obtained no right or title to this particular car by the agreement with the Southern Railway Company, for plaintiff's claim upon the car, as seen, is based upon an unlawful understanding.

Petition for writ of *certiorari* denied.