# RICHEY & GILBERT COMPANY v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 29, 1925.

No. 24,569.

**Contract of interstate carrier to furnish shipper cars on certain days not enforceable.**

1. A contract by a common carrier in interstate commerce to furnish cars to a shipper on certain days imposes a greater obligation on the carrier than that implied in the published tariffs, and the contract cannot be enforced.

**Limitation of action in Washington.**

2. The statute of limitations of the state of Washington bars a recovery of damages for the carrier's failure to perform a duty imposed by law, unless suit is commenced within three years after the cause of action accrues.

1. See Carriers, 10 C. J. p. 213, § 290 (1926 Anno).

2. See Limitations of Actions, 37 C. J. p. 783, § 123.

Action in the district court for Hennepin county. From an order, Dickinson, J., granting defendant's motion for judgment on the amended complaint, answer to amended complaint and reply thereto, plaintiff appealed. Affirmed.

*Samuel A. Anderson* and *A. F. Storey*, for appellant.

*D. F. Lyons* and *D. R. Frost*, for respondent.

LEES, C.

This is an action for damages caused by defendant's failure to furnish cars for plaintiff's use. Defendant moved for judgment on the pleadings, the motion was granted, and this appeal was taken from the judgment.

It appears from the pleadings that on October 16, 1916, plaintiff delivered to defendant's station agent at Yakima, Washington, a

[1]Reported in 204 N. W. 27.

written order for refrigerator cars in which to ship boxed apples from Yakima to the Eastern markets; the first car to be furnished on November 6, 1916, and one daily thereafter until November 23. Plaintiff had 11,340 boxes of apples in storage at Yakima and tendered them to defendant for transportation at the times when the cars should have been furnished, but none were furnished until December 18 and the delay caused the damage claimed by plaintiff.

A copy of the car order is attached to and made part of the pleadings. It is headed thus:

### "ORDER FOR CARS

"Agents will require shippers over their signature to supply full information hereon for cars wanted, and will give each order a number. Check all orders daily; cancel immediately if requirements change. All unfilled orders expire at 3 p. m. Saturday and must be renewed and reference given to date previously ordered. Shippers will not be required to renew orders.

(w)    (Station                                    (x)
From ...........Date ....191.. To :.........At ......."

The dates when the cars were wanted are specified in the body of the order, and it concludes thus:

This order rec'd at ......M.........191..

...................        ................... Shipper
   Agent Nor. Pac. Ry.

                     ......M.........191.........Time."

Certain statutes of limitation of the state of Washington are pleaded, among them one of which provides that:

"An action upon a contract in writing or liability express or implied arising out of a written agreement," must be commenced within six years, and another, that: "An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," must be commenced within three years after the cause of action accrues. Actions for injuries to the person or rights of another must also be brought within three years unless otherwise provided.

This action was commenced more than three but less than six years after the accrual of the several causes of action pleaded, hence the statute bars a recovery if the action is not founded on a written contract or on a liability arising out of a written agreement.

The complaint alleges that the order for cars was signed by both parties by their lawful agents and was delivered to defendant and filed in the office of its station agent at Yakima on October 16. It alleges that defendant wrongfully failed and neglected to furnish the cars "as it promised and agreed to do" and that such failure caused the damage sought to be recovered.

The theory under which the pleadings were framed is not clear. One construction which may be placed upon the complaint is that the cause of action pleaded is one for damages for the breach of a contract in writing which obligated defendant to furnish a car on each of the days specified in the car order; another is that the cause of action asserted is the failure to perform the duty which the law imposed upon the defendant to use due diligence to provide the cars after reasonable notice of plaintiff's requirements.

If the first construction be adopted, the case is ruled by Davis v. Cornwell, 264 U. S. 560, 44 Sup. Ct. 410, 68 L. ed. 848. That was an action to recover damages from defendant as a common carrier in interstate commerce for a failure to supply cars for the shipment of cattle from the state of Montana. The action was based on an express contract to furnish the cars on a day named. It was not shown that the published tariffs provided in terms for such a contract, and the question presented was whether under the interstate commerce act the express promise to furnish the cars could be enforced. The court was of the opinion that the transportation service to be performed was that of a common carrier under published tariffs and not a special service under a special contract, and it was held that a contract to furnish cars on a day certain imposes a greater obligation than that implied in the tariff for, under the contract, proof of due diligence would not excuse failure to perform, whereas the obligation implied in the tariff is merely to use diligence to provide, upon reasonable notice, cars for loading

at the time desired. The opinion of the court concludes with these words:

"The paramount requirement that tariff provisions be strictly adhered to, so that shippers may receive equal treatment, presents an insuperable obstacle to recovery."

In the case at bar it does not appear that the published tariffs make provision for contracts of the nature, or which have the effect alleged, and plaintiff is confronted by the obstacle to recovery pointed out in the case cited.

If the second construction of the complaint is adopted, the basis of the cause of action is the failure of the defendant to perform a duty imposed by law, that is, the duty to exercise diligence in an effort to furnish plaintiff with the cars wanted. Obviously such a cause of action is not one founded upon a contract in writing or upon a liability arising out of a written agreement, and the bar of the Washington statute of limitations would prevent recovery.

As we read the pleadings, the admitted facts preclude a recovery, hence defendant's motion for judgment was properly granted.

Judgment affirmed.