PINEHURST PEACH COMPANY, Inc., v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 27 June, 1931.)

**Carriers B a—Demurrer to complaint in action for breach of contract to furnish cars on specified date held properly sustained.**

A contract to furnish a specified number of iced cars on a specified date for shipment of peaches in interstate commerce falls within the provisions of the Federal Interstate Commerce Act which requires only due diligence of the carrier to furnish the empty cars after notice, and a demurrer to the shipper's complaint in an action to recover damages based upon the contract alone is properly sustained. C. S., 3522.

CIVIL ACTION, before *McElroy, J.,* at December Term, 1930, of MOORE.

Plaintiff alleged that prior to August, 1926, in accordance with the rules of defendant, he placed an order in writing for four cars for the use of plaintiff in shipping peaches, said cars to be placed as is usual and customary at the siding at plaintiff's peach orchard in West End for use in shipping peaches on 6 August, 1926; and said order for said four cars was accepted by the defendant and the plaintiff was assured said cars would be furnished and placed as ordered for use in shipping peaches on said 6 August, 1926.

Plaintiff also alleged that prior to 6 August, 1926, he placed an order in writing for five cars, to be furnished as above set out, for use in shipping peaches on 6 August, which said order was accepted by the defendant.

Plaintiff further alleged that on 5 August, the defendant only furnished two cars on the four-car order and only four cars on the five-car order, one of which was used for local purposes.

Plaintiff further alleged that by reason of the failure of defendant to comply with the contract, he lost four carloads of peaches, of the net value of $1,436.17.

The defendant filed answer alleging that the orders were placed with the defendant on 4 August for refrigerator cars to be iced and furnished on 5 August, and that after exercising due diligence, was able to obtain only three of such cars, and that two other such cars were properly iced and placed on 7 August, and that in complying with the written orders in both instances the defendant had exercised due diligence.

The defendant further pleaded the interstate commerce act, and also C. S., 3522, and alleged that the cause of action was based upon an express contract to furnish cars on a specified date, and that such contracts were invalid under the Federal Act, as all of said cars were to be used in interstate commerce.

The cause came on for hearing at the September Term, 1930, and the defendant demurred *ore tenus* upon the ground that the express contract alleged by the plaintiff was forbidden by the Federal statute. The demurrer was sustained and plaintiff was allowed to amend.

Thereafter, the plaintiff filed an amended complaint substantially identical with the original complaint except in paragraph 10 of such amended complaint, wherein it is alleged "that by reason of defendant's wrongful and negligent failure, within a reasonable time and in accordance with the order of plaintiff to provide said cars for loading and shipping said peaches, the plaintiff was damaged as hereinbefore set out, in the sum of $1,436.17, and said damages were caused by reason of the negligence or default of the said defendant, as herein set out."

The defendant filed an answer to the amended complaint substantially identical with the original answer, except that the defendant pleaded the former judgment sustaining the demurrer as an estoppel.

The cause came on for hearing again at the December Term, 1930, and the defendant again demurred *ore tenus* to the amended complaint upon the ground that the amended complaint and the original complaint founded the cause of action upon the violation of an express contract to furnish cars on a specified date. The plaintiff, having declined at the suggestion of the court to further amend its complaint or amended complaint, the demurrer *ore tenus,* interposed by the defendant was sustained and the plaintiff appealed.

*H. F. Seawell, Jr., for plaintiff.*
*U. L. Spence for defendant.*

BROGDEN, J. The demurrer to the original complaint was properly sustained. Therefore, the only question is whether the amended complaint proceeds upon the theory of common-law liability for negligence for failure to furnish cars, or upon damages resulting from the breach of an express contract to furnish specified cars at a specified place on a specified date.

Paragraph 10 of the amended complaint alleges that the plaintiff was caused to suffer damage by reason of the wrongful and negligent failure of defendant to furnish cars within a reasonable time and in accordance with the order of the plaintiff. The order of plaintiff, as set out in both the original and amended complaint, called for a specified number of cars, to be furnished at a specified place on a specified date. In such cases the law has been declared in *Davis v. Cornwell,* 264 U. S., 560, 68 Law Ed., 848, in which case the Court said: "The transportation service to be performed was that of common carrier under published tariffs; not a special service under a special contract. . . . The agent's promise that the cars would be available on the day named was introduced to establish an absolute obligation to supply the cars, not as evidence that the shipper had given due notice of the time when the cars would be needed, or as evidence that the carrier had not made reasonable efforts to supply the cars. The obligation of the common carrier implied in the tariff is to use diligence to provide, upon reasonable notice, cars for loading at the time desired. A contract to furnish cars on a day certain imposes a greater obligation than that implied in the tariff. For, under the contract, proof of due diligence would not excuse failure to perform. See, also, *Strock v. Southern Ry.,* 140 S. E., 470; *Williams v. St. Louis-San Francisco Ry. Co.,* 274 S. W., 935; *McLemore v. R. R.,* 199 N. C., 264.

The plaintiff having admitted that the cars ordered were to be used in shipment of peaches in interstate commerce, it is therefore the opinion of the Court that the *Davis case, supra,* is determinative of the controversy.

Affirmed.