CONSUMERS' MUT. OIL CO. v. SCHAFF.

No. 4621.

Circuit Court of Appeals, Seventh Circuit.

June 22, 1932.

R. H. McBride, of Chicago, Ill., John F. Finerty, of Washington, D. C., and Frederic Ullmann, of Chicago, Ill., for appellant.

Meyer Morton, William Sherman Hay, and Erwin W. Roemer, all of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant's declaration charged breach by the railway carrier of its contract with appellee to supply, at specific times and place, a definite number of tank cars for shipment by appellant of crude oil from Norfolk, Okl., to Blue Island, Ill. Appellee elected to stand by its demurrer to the declaration, which the court had sustained, and the judgment here assailed was accordingly rendered.

The single proposition involved is well stated in appellant's brief thus: "The sole issue is whether an admitted contract by a common carrier to furnish a car or cars on a day certain or for a specified period, is, in the absence of tariff provision therefor, necessarily void so that under no circumstances an action for damages may be sustained for breach thereof."

In our judgment this question has been so definitely settled by the Supreme Court that its further discussion by us would be quite superfluous.

Chicago & Alton R. R. Co. v. Kirby, 225 U. S. 155, 32 S. Ct. 648, 650, 56 L. Ed. 1033, Ann. Cas. 1914A, 501, dealt in principle with the same proposition. It was there said:

"For such a special service and higher responsibility it might clearly exact a higher rate. But to do so it must make and publish a rate open to all. This was not done.

"The shipper, it is also plain, was contracting for an advantage which was not extended to all others, both in the undertaking to carry so as to give him a particular expedited service, and a remedy for delay not due to negligence.

"An advantage accorded by special agreement which affects the value of the service to the shipper and its cost to the carrier should be published in the tariffs; and for a breach of such a contract, relief will be denied, because its allowance without such publication is a violation of the act. It is also illegal because it is an undue advantage in that it is not one open to all others in the same situation. * * * The declaration counted only upon the breach of a special contract which was illegal. There was no count based upon the carrier's liability for negligence in not promptly shipping and delivering. The judgment was rested upon the damages resulting from the breach of the special contract, and not at all upon the liability of the carrier otherwise.

"For the error in not holding the special contract invalid under the interstate commerce act [49 USCA § 1 et seq.], the judgment must be reversed and the case remanded for such further proceedings as are not inconsistent with this opinion."

Davis v. Cornwell, 264 U. S. 560, 44 S. Ct. 410, 68 L. Ed. 848, involved the validity of a contract practically the same as that here. The court said:

"The obligation of the common carrier implied in the tariff is to use diligence to provide, upon reasonable notice, cars for loading at the time desired. A contract to furnish cars on a day certain imposes a greater obligation than that implied in the tariff. For, under the contract, proof of due diligence would not excuse failure to perform.

"Chicago & Alton R. R. Co. v. Kirby, 225 U. S. 155 [32 S. Ct. 648, 56 L. Ed. 1033, Ann. Cas. 1914A, 501] settled that a special contract to transport a car by a particular train, or on a particular day, is illegal, when not provided for in the tariff. That the thing contracted for in this case was a service preliminary to the loading is not a difference of legal significance. The contract to supply cars for loading on a day named provides for a special advantage to the particular shipper, as much as a contract to expedite the cars when loaded. It was not necessary to prove that a preference resulted in fact. The assumption by the carrier of the additional obligation was necessarily a preference. The objection is not only lack of authority in the station agent. The paramount requirement that tariff provisions be strictly adhered to, so that shippers may receive equal treatment, presents an insuperable obstacle to recovery."

We are not impressed by appellant's undertaking to distinguish these cases and avoid their applicability and binding effect here.

**The judgment is affirmed.**