## CHRISTENSEN v. NORTHERN PAC. RY. CO.

No. 14038.

United States Court of Appeals
Eighth Circuit.

Oct. 3, 1950.

rier's agent in writing a reasonable time in advance, stating the number, size and kind of cars, destination and date wanted. For convenience, cars may be ordered by telephone, in which case confirmation must be given in writing."

Some ranchers in North Dakota telephoned the carrier's agent an order for a number of livestock cars, to be made available at their local station, for shipping cattle to market in St. Paul, Minnesota, by a certain date. The carrier's agent acknowledged the order by letter, and the ranchers relied upon this letter as having constituted "confirmation * * * given in writing," within the requirement of the tariff provision.

The carrier failed to furnish the cars as ordered, and this action for damages ensued.[1] The carrier moved for a summary judgment, on the ground that, since the shippers had not given confirmation in writing of their telephone order, there existed no valid order on which to predicate the action. The trial court granted the carrier's motion and entered a judgment of dismissal.

The controlling question is whether the requirement of the tariff for confirmation in writing of a telephone order is ambiguous, in the sense that it reasonably can be read as meaning either a repetition by the shipper in writing of his oral order or a letter by the carrier of acknowledgment of such oral order.

█ That a tariff provision validly might require shippers to place orders for cars in writing or to give confirmation in writing of any orders made for convenience (such as expedition) by telephone, there can in our opinion be no possible doubt. Such a requirement would serve as a public safeguard against discrimination in obtaining shipping facilities. But it also would impose upon the carrier a duty of strict adherence, in order that shippers would not be subjected to unequal burdens. And further to insure public equality, the measure of a carrier's obligation under it could not be permitted to be enlarged by exception in individual cases, through either waiver or

J. F. X. Conmy, Fargo, N. D., for appellant.

Conmy & Conmy, Fargo, N. D., for appellee.

Before JOHNSEN, RIDDICK and STONE, Circuit Judges.

JOHNSEN, Circuit Judge.

A railroad tariff contained this provision: "Orders for cars must be placed with car-

1. The causes of action of the several shippers had all been assigned to a single plaintiff.

estoppel. Cf. Davis v. Henderson, 266 U.S. 92, 93, 45 S.Ct. 24, 69 L.Ed. 182; Northern Pac. Ry. Co. v. Van Dusen Harrington Co., 8 Cir., 60 F.2d 394, 397. Hence, where a shipper had failed to comply with such a requirement, the situation would be within the language used by the Supreme Court in Davis v. Cornwell, 264 U.S. 560, 562, 44 S.Ct. 410, 411, 68 L.Ed. 848, that "The paramount requirement that tariff provisions be strictly adhered to, so that shippers may receive equal treatment, presents an insuperable obstacle to recovery."

But while the policy of preventing discriminations thus imposes upon both carriers and shippers the requirement of strict adherence to valid tariff provisions, the shipper's obligation necessarily is subject to the condition that the tariff must be clear. Any ambiguity in a provision or reasonable doubt as to its meaning will be resolved against the carrier. Union Wire Rope Corporation v. Atchison, T. & S. F. Ry. Co., 8 Cir., 66 F.2d 965; Sonken-Galamba Corporation v. Union Pac. R. Co., 10 Cir., 145 F.2d 808, 810. This, however, does not mean that valid requirements in a tariff for obtaining service, which are in furtherance of the public policy of preventing discriminations, will be lightly read and weakened. Any claimed ambiguity or doubt in meaning as to such a provision must therefore have a substantial and not a mere arguable basis. Cf. Burrus Mill & Elevator Co. v. Chicago, R. I. & P. R. Co., 10 Cir., 131 F.2d 532, 535, 536.

In the present situation, when the tariff requirement is read as a whole, as must be done, we do not believe that any real ambiguity or doubt in meaning can fairly be said to exist. We repeat the provision: "Orders for cars must be placed with carrier's agent in writing a reasonable time in advance, stating the number, size and kind of cars, destination and date wanted. For convenience, cars may be ordered by telephone, in which case confirmation must be given in writing."

The first sentence certainly is unequivocally clear. It lays down the basic and unqualified prescription that orders for cars must be made in writing. Under it, there exists no room to argue that a shipper who stepped up to a freight station window and gave an oral order for some cars would have satisfied the requirement of the tariff, if the carrier's agent thereafter sent him a letter of acknowledgement. And when the second sentence is read in relation to this initial absolutism, its meaning equally would seem to stand out with unmistakable clearness—"For convenience, cars may be ordered by telephone, in which case confirmation must be given in writing."

Only by lifting the second sentence out of its context and reading it in isolation is it possible to argue that an ambiguity exists. But such a reading would in its effect nullify the rigid requirement of the first sentence, and cannot therefore reasonably be permitted to be indulged in. It would mean, as suggested above, that a shipper could not go to a station window, place an oral order and rely upon a letter of acknowledgment as a compliance with the tariff requirement, but that by simply sitting down at his telephone he could.

Such a separative reading of the provisions of a tariff is no more entitled to be made than in the case of a statute or a contract. All related clauses must be read and considered together and only where there is a reasonable doubt in meaning on the whole can there be said to be an ambiguity. Burrus Mill & Elevator Co. v. Chicago, R. I. & P. R. Co., supra, 10 Cir., 131 F.2d 532, 535, 536.

To an ordinary shipper who has received an acknowledgment by letter of his telephoned order, the confirming by him in writing of such an order may seem a useless business act, but that which by business standards impresses as unnecessary is nevertheless often for legal purposes required.

Affirmed.