Bernard L. ROSCH, Plaintiff,

v.

UNITED AIR LINES, Inc., Defendant and Third-Party Plaintiff,

Railway Express Agency, Incorporated, Third-Party Defendant.

United States District Court
S. D. New York.
Dec. 3, 1956.

Dunn & Zuckerman and James F. Dunn, New York City, for plaintiff.

Bigham, Engler, Jones & Hauston, John Conners and Robert F. Ewald, New York City, for defendant and third party plaintiff.

James V. Lione, New York City, for third party defendant.

BOLDT, District Judge.

Plaintiff, the owner of a racing greyhound brood matron, delivered the animal on August 9, 1954 to defendant United Air Lines, Inc. in New York City. United, an air carrier operating pursuant to the Civil Aeronautics Act, Title 49 U.S.C.A. § 401 et seq., and under tariffs filed with the Civil Aeronautics Board, accepted the shipment and issued its airbill to the plaintiff. The

routing inserted in the airbill called for the shipment to go from New York City to Chicago via United, thence via Braniff International Airways, Inc. to Oklahoma City. From there it was to be transported by Railway Express Agency, Inc. to the consignee in Ardmore, Oklahoma.

At the time of the shipment, an embargo on all cargo shipments had been declared by Braniff due to the strain on its facilities resulting from a pilots' strike of American Airlines. Defendant United was aware of the embargo when it accepted the shipment. As a consequence of the embargo, when the animal reached Chicago the only available means of transporting it to destination were via Railway Express. The latter transported the dog to Oklahoma City where it was found to be sick. It died a short time later. $15,000 damages for the loss of the dog are sought in this action.

The airbill contained a space for the insertion of a declared value for carriage by the shipper and provided that in the absence of such declaration, the shipment would be deemed to have the agreed value as set forth in the air carrier's tariffs. Plaintiff originally declared a value of $2,000, but upon ascertaining the excess value charges applicable thereto, caused that figure to be stricken by the air carrier's freight agent. The tariff valuation, on a weight basis, and in the absence of a greater declared value, was $50.

Plaintiff claims that the defendant air carrier deviated from the routing shown in the airbill, thereby giving rise to a course of conduct leading to the animal's death from mishandling, delay and negligence. He urges that the defendant, because of its knowledge of the embargo and the impossibility of routing the shipment via Braniff, should not have accepted the shipment with such routing; that having done so, it is bound thereby and is estopped by its conduct from invoking certain provisions of its Official Air Freight Rules Tariff No. 1–A by way of complete defense to the

action; that similarly, it cannot assert, in the alternative, that its liability, if any, is limited to $50.

While there may be some individual hardship on a shipper in a case of this kind, I am of the opinion that the air carrier has the right to invoke its tariff and airbill provisions. Congress, in the interests of a sound national transportation policy, has sought to prevent all forms of unjust discrimination by interstate carriers so that shippers will be accorded equal treatment. Such policy rejects the concept of estoppel urged by plaintiff. It holds all agreements between shipper and carrier contrary to the provisions of the carrier's filed tariffs to be null and void. Davis v. Cornwell, 264 U.S. 560, 562, 44 S.Ct. 410, 68 L.Ed. 848; Texas & Pacific Railway Company v. Leatherwood, 250 U.S. 478, 481, 39 S.Ct. 517, 63 L.Ed. 1096; Wittenberg v. Eastern Air Lines, D.C.E.D.S.C., 126 F.Supp. 459, 460. The attainment of the national public policy here requires that the plaintiff and defendant air carrier be bound by the latter's filed tariffs. Cf. Lichten v. Eastern Air Lines, Inc., 2 Cir., 189 F.2d 939, 940, 25 A.L.R.2d 1337. Those tariffs and the airbill constitute the contract of carriage. Lichten v. Eastern Air Lines, Inc., supra; Mack v. Eastern Air Lines, Inc., D.C.Mass., 87 F.Supp. 113, 115. Those tariffs, among other things, permit the carrier to deviate from any route shown on the airbill when necessary in its opinion to expedite delivery via any air carrier or other transportation agency [Rule 3.8(b)]. Plaintiff is deemed to have agreed to such proviso when he delivered his shipment to defendant for transportation by it.

The foregoing represents the conclusion of the court on the basic issue of law presented at the close of the first day of trial before a jury. In the course of oral argument at that time, plaintiff's counsel agreed that all evidence material to the issue was before the court, and counsel for defendant air carrier stated that subject to the court

finding as it now has, he would stipulate that judgment in favor of plaintiff in the amount of $50 be forthwith entered, thereby obviating the further time and expense of trial which would otherwise be necessary to determine whether the air carrier was under any liability in the first instance. Accordingly, plaintiff is to have judgment against defendant air carrier in the sum of $50, and the third-party claim of the latter against third-party defendant Railway Express Agency, Inc, is withdrawn by consent.

There shall be no costs in favor of any party.