144 N.J. Super. 305 (1976)
365 A.2d 475
ANNE K. VALENTINE, PETER S. VALENTINE, LAUREN S. VALENTINE, AN INFANT BY HER GUARDIAN AD LITEM, ANNE K. VALENTINE, AND KARYN L. VALENTINE, AN INFANT BY HER GUARDIAN AD LITEM, ANNE K. VALENTINE, PLAINTIFFS-APPELLANTS,
v.
EASTERN AIRLINES, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1976.
Decided October 4, 1976.
*306 Before Judges MATTHEWS, SEIDMAN and HORN.
Messrs. Schutzman, Glickman & Valentine, attorneys for appellants (Mr. Robert P. Glickman on the brief).
Messrs. Shanley & Fisher, attorneys for respondent (Mr. Thomas B. Leyhane on the brief).
PER CURIAM.
Plaintiffs, husband, wife and their two minor children, appeal from a summary judgment entered against them below. Their asserted cause of action revolves about the effect of a tariff filed by defendant airline with the Civil Aeronautics Board (CAB).
The gravamen of the complaint is an alleged breach of contract on the part of defendant in refusing to permit the transportation of plaintiffs' pet poodle in the cabin of an airplane. In August 1973 plaintiff Peter Valentine reserved passage for the family on a flight from Newark, New Jersey, *307 to Orlando, Florida, on December 19, 1973, and return from Fort Lauderdale, Florida, to Newark on January 2, 1974. On the southerly flight he paid $12 for a "Special Services Ticket" and was permitted to place the poodle in its kennel in the cabin between the tourist and first class sections.
On the return trip plaintiff again purchased a Special Services Ticket, but Dunbar, agent of defendant, observed the kennel in the cabin shortly before the flight departure time and informed plaintiffs that due to its oversize it could not remain in the cabin but could be transported in the baggage compartment. Plaintiffs chose to deplane rather than comply with Dunbar's directive. The plane took off immediately afterward. Dunbar refunded the fares to plaintiffs and obtained their address for the delivery of their luggage.
Plaintiffs then rented an automobile and drove to their home, spending one night on the way at an inn. They sought compensatory and punitive damages, claiming that Valentine contracted influenza and one of the children required medical care for bronchitis as a result of their ordeal.
The trial judge in summarily deciding for defendant, held that the tariff regulations controlled. It is admitted that the kennel was larger than the dimensions which under the applicable tariff qualified for transportation in the cabin. Notwithstanding that there is no dispute as to either the existence of this tariff regulation or the oversize of the kennel, plaintiffs argue several points  first, that the relevant tariff provisions are not the sole and exclusive criteria to determine the rights and liabilities of the parties. For this they rely on Nader v. Allegheny Airlines, Inc., 365 F. Supp. 128 (D.D.C. 1973), rev'd on other grounds, 167 U.S. App. D.C. 350, 512 F.2d 527 (D.C. Cir.1975), remanded for further proceedings, 423 U.S. 946, 96 S.Ct. 355, 46 L.Ed.2d 276 (1976); Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499 (2 Cir.1956); Wills v. Trans World Airlines, Inc., 200 F. Supp. 360 (S.D. Cal. 1961); Mason v. Belieu, 13 Av. L. Rep. 17, 1114 (D.D.C. 1974), and Mortimer v. Delta *308 Airlines, 302 F. Supp. 276 (N.D. Ill. 1969) None of these cases supports plaintiffs' contentions on this point. We do not agree with the argument.
Fitzgerald v. Pan American World Airways, Inc.; Wills v. Trans World Airlines, Inc., and Mortimer v. Delta Airlines, all supra, permit recovery of damages in federal court without establishing diversity of citizenship, for violation of 49 U.S.C.A. 484(b) (repealed and superseded by 49 U.S.C.A. 1374(b)) and 49 U.S.C.A. 1374(b). That section prohibits "any undue or unreasonable preference or advantage to any particular person * * * in any respect whatsoever." It provides redress for injury caused by discrimination, disadvantage or undue preference, whether racially, religiously or economically motivated, or that results from the carrier's disregard for its own priority rules or from the fact that those rules are in themselves discriminatory. Mason v. Belieu, supra, likewise did not involve tariff regulations.
In Nader v. Allegheny Airlines, Inc., supra, plaintiff sought damages for fraudulent misrepresentation arising from the airline's failure to inform him in advance of its deliberate overbooking practices and for failing to afford plaintiff the boarding priority specified in its rules filed with the Board. In the case at bar plaintiffs' theory of recovery depends on their right to compel defendant airline to act contrary to its rules, not in performance of them.
Plaintiffs also urge that defendant waived its right to enforce the tariff by reason of its acceptance of the $12 charge and permitting the dog to remain in the cabin on the flight south. We disagree. The rights and liabilities of carriers and air passengers are governed by applicable tariffs filed with the CAB, which form an integral part of the contract of carriage. Lichten v. Eastern Airlines, Inc., 189 F.2d 939 (2 Cir.1951); Rosch v. United Air Lines, 146 F. Supp. 266, 267 (S.D.N.Y. 1962), and Illinois Produce International, Inc., v. Reliance Ins. Co., 388 F. Supp. 29 (N.D. Ill. 1975). Similarly, it has been held in our own State that an appropriately filed tariff is not a mere contract; it *309 is considered as law and is binding upon subscribers, who are charged with constructive knowledge thereof. Essex Cty. Welfare Bd. v. N.J. Bell Tel. Co., 126 N.J. Super. 417 (App. Div. 1974). It is equally binding upon the carrier. Dover Farms, Inc. v. American Airlines, Inc., 111 N.J. Super. 276 (App. Div. 1970).
We also reject the argument that because the pet was permitted to remain in the cabin on the flight south an estoppel was evoked. If an estoppel were recognized, tariffs could be repeatedly violated at the whim of the carrier. Such permissiveness would lead to the very discriminatory practices sought to be avoided. See Trinidad and Tobago U. Cul. Ass'n v. Vista Travel Service, 53 Misc.2d 1015, 280 N.Y.S.2d 337 (Sup. Ct. App. Term, 1967); Goodman v. National Airlines Incorporated, 201 A.2d 877 (D.C. Ct. App. 1964).
Since plaintiffs chose to debark rather than comply with the legitimate requirement that their poodle ride in the baggage compartment, on the undisputed facts of the case there was no genuine issue as to any material fact. Consequently defendant was entitled to judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
The judgment is affirmed. No costs.