## UNITED STATES v. WOOD.

(District Court, D. New Jersey. October 21, 1907.)

ALIENS—CHINESE EXCLUSION ACT—INDICTMENT AGAINST MASTER OF VESSEL LANDING CHINESE.

Under the rule that, where a statute in defining a criminal offense states an exception, an indictment for such offense must allege enough to show that the accused is not within the exception, an indictment under Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 [U. S. Comp. St. 1901, p. 1316], which makes it a misdemeanor for the master of any vessel to knowingly bring within the United States on said vessel and land or attempt to land any Chinese person "in contravention of the provisions of this act," must negative the exceptions stated in section 10 of the act.

On Demurrer to Indictment.

John B. Vreeland, U. S. Atty.
Convers & Kirlin (John M. Woolsey, of counsel), for defendant.

CROSS, District Judge. The indictment in question contains two counts, and is based upon Act Sept. 13, 1888, c. 1015, § 9. 25 Stat. 476 [U. S. Comp. St. 1901, p. 1316]. The material portion of the section above referred to is as follows:

"That the master of any vessel who shall knowingly bring within the United States on such vessel, and land or attempt to land, or permit to be landed any Chinese laborer or other Chinese person, in contravention of the provisions of this act, shall be deemed guilty of a misdemeanor," etc.

It is clear that the section does not, in and of itself, fully describe a crime. It is not thereby made a crime knowingly to bring into the United States on a vessel, and land or attempt to land, etc., a Chinese laborer or other Chinese person; but the crime is made to consist in knowingly bringing in and landing such Chinese laborer or person in contravention of the provisions of the act. Here, then, we find an exception in the enacting clause of the statute. The crime is not fully defined by that clause; but we are compelled to look elsewhere to determine what constitutes the crime therein referred to. In such cases good pleading requires that the indictment should allege enough

to show that the accused is not within the exception. The rule is different when the crime is clearly defined in the enacting clause. Then an exception, whether found in a proviso or subsequent section of the act, need not be negatived; but such exception may be shown by way of defense. The rule, as I understand it, is laid down in United States v. Cook, 17 Wall. 168, 173, 21 L. Ed. 538, wherein the court says:

"Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception; but, if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused. * * * Offenses created by statute, as well as offenses at common law, must be accurately and clearly described in an indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offense, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed."

There is much other pertinent matter to be found in this opinion, but to quote it all would make this memorandum unnecessarily prolix. Section 10 contains exceptions which, under the rule just stated, should have been negatived in the indictment. In Ledbetter v. United States, 170 U. S. 606, at the foot of page 610, 18 Sup. Ct. 774, at page 775, 42 L. Ed. 1162, reference is made to an act in a section of which this language was used, "otherwise than as hereinafter provided," concerning which the court says, at the top of page 611 of 170 U. S., page 775 of 18 Sup. Ct. (42 L. Ed. 1162):

"The statute, by the use of the words 'otherwise than as hereinafter provided,' thus introduces an exception into the general words of the definition, and it might be open to doubt whether an indictment which charged only the selling or offering for sale in the language of this section should not also negative the fact that the sale was not within such exception. The general rule is that, while the pleader is not bound to negative a proviso, he is bound to aver that the defendant is not within any of the exceptions contained in the enacting clause of the statute." Maxwell Land Grant Co. v. Dawson, 151 U. S. 586, 605, 14 Sup. Ct. 458, 464, 38 L. Ed. 279.

It is clear to my mind that both counts of this indictment are fatally defective, in that they do not negative the exceptions contained in section 10. It is unnecessary to consider the other objections urged.

The indictment will be quashed.