### UNITED STATES v. GRAHAM.

(Circuit Court, E. D. New York. November 10, 1908.)

ALIENS (§ 38*)—UNLAWFUL LANDING OF CHINESE—INDICTMENT.

An indictment charging the master of a vessel with having permitted a Chinese laborer to land in the United States from his vessel in violation of Act Sept. 13, 1888, c. 1015, § 9, 25 Stat. 478 (U. S. Comp. St. 1901, p. 1316), held to sufficiently negative the exceptions contained in section 10 of the act, where it averred that the said Chinese person was not landed by reason of "any necessity."

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 38.*

Importation of contract labor, see note to United States v. Parsons, 66 C. C. A. 133.]

---

On Demurrer to Indictment.

William J. Youngs, U. S. Atty., and William P. Allen, Asst. U. S. Atty.

Convers & Kirlin (John M. Woolsey, of counsel), for defendant.

CHATFIELD, District Judge. The present indictment charges the defendant with having, on the night of the 8th of July, 1907, at South Brooklyn, in this district, knowingly, willfully, and unlawfully permitted to be landed in the United States, from a vessel of which the defendant was the master, a Chinese laborer and person of Chinese descent, being then and there an alien and a person not lawfully entitled to enter the United States. The indictment further charges that the said defendant had knowingly brought the said Chinaman as a part of his crew upon a trip of the steamer Dunottar to the port of New York as a port of destination, and also alleges:

"The said Jung Cow then and there not being compelled, and the said Thomas Graham then and there not being compelled, and he had not been so compelled, to allow the said Jung Cow to land by reason of any necessity; and no bond having been theretofore applied for and obtained, and no bond had been theretofore applied for and obtained, by any person for the temporary landing of the said Jung Cow from the authorities of the government of the said United States, as required by the statutes of the said United States and the regulations of the Secretary of Commerce and Labor of the said United States in force under said statutes."

The indictment contains allegations of other specific facts, but the portion of the indictment included in quotation marks recites all that is alleged with relation to the matters therein indicated. A demurrer has been interposed upon the ground that the provisions of the statute recite certain acts which would be otherwise included within the prohibition of the statute, but which are expressly excepted, and therefore not made offenses under the law; that, inasmuch as these acts not made criminal might be the basis or cause for the doing of any of the acts forbidden by the statute, an indictment must set forth in definite terms allegations showing that the offense charged does not come within the scope of the statutory exceptions.

The precise language of sections 9 and 10 of the act of September 13, 1888 (25 Stat. 478, c. 1015 [U. S. Comp. St. 1901, p. 1316]), so far as these sections affect this question, is as follows:

"Sec. 9. That the master of any vessel who shall knowingly bring within the United States on such vessel, and land, or attempt to land, or permit to be landed any Chinese laborer or other Chinese person, in contravention of the provisions of this act, shall be deemed guilty," etc.

"Sec. 10. That the foregoing section shall not apply to the case of any master whose vessel shall come within the jurisdiction of the United States in distress or under stress of weather, or touching at any port of the United States on its voyage to any foreign port or place. But Chinese laborers or persons on such vessels shall not be permitted to land, except in case of necessity, and must depart with the vessel on leaving port."

The attention of the court has been called to the decision of the demurrer in the case of United States v. Wood (D. C.) 159 Fed. 187, in which it has been held that the indictment was faulty, in that it did not allege that the acts charged to be criminal were outside

of the exceptions recited in the above statutes. With this decision . this court entirely concurs. The exceptions are of such a character that not all landings of Chinese could be said to be criminal, and the indictment should describe the landing as it occurred, in definite form enough to bring it within the prohibition of the statute as limited by the exception.

We are not considering here the question of temporary shore leave by members of the crew (Taylor v. United States, 207 U. S. 120, 28 Sup. Ct. 53, 52 L. Ed. 130), but an actual landing in the United States, or negligence of such character as to be equivalent to permission to land with respect to Chinamen who are desirous of entering the United States as aliens, even though they come here as members of the crew of a vessel.

But in the indictment now under discussion the district attorney has alleged that the Chinaman who was permitted to land was not landed by reason of any necessity, and that no bond had been given for his temporary landing. Section 10 excepts from the provisions of section 9 the landing of Chinese in cases of necessity from vessels coming into the United States in distress or under stress of weather, or touching at a port on a voyage to a foreign port. The allegation of the indictment that the Chinese laborer was landed under no necessity is even broader than the exception of the statute, and, inasmuch as the indictment could not be required to go further than to negative the entire exception, it is impossible to see why this negation should be narrowed down, or the different particulars of the denial set forth, when every particular exception is covered by the broad statement used. In other words, the latter sentence of section 10 above quoted is the one which must be excluded from the acts charged, and, if so excluded, will cover the different provisions of the first part of the section.

The question of the ultimate departure of the Chinaman with the vessel, which is specified by the last clause of section 10, would, if complied with, be in mitigation of the offense, even if a landing had been permitted outside of the excepted cases, or may put an added obligation upon the master of the vessel. But the criminal offense is confined to the landing or permitting to be landed, and anything in mitigation of the offense certainly would not have to be pleaded as a part of the charge.

The indictment, therefore, would seem to be good, and the demurrer must be overruled.