## UNITED STATES v. DURKEE FAMOUS FOODS, Inc.

### No. 2681–B.

District Court, D. New Jersey.
Jan. 14, 1937.

Harlan Besson, U. S. Atty., of Trenton, N. J., and Daniel H. Kunkel, Sp. Asst. U. S. Atty., and Burt L. Smelker, both of

Washington, D. C., Atty., Interstate Commerce Commission.

Roger Hinds, of New York City, for Durkee Famous Foods, Inc.

FAKE, District Judge.

The indictment here is intended to charge an offense against the provisions of section 1 of the Elkins Act, as amended, section 41, title 49 U.S.C.A. The gist of the issue before me resides in the allegation in the indictment that the defendant "through a device aforesaid, unlawfully did knowingly solicit, accept and receive a concession and discrimination in respect to interstate transportation of property * * * whereby said property was transported by said common carriers at a less rate than the published and applicable rate named in the tariffs published and filed as aforesaid; contrary to the statute in such case made and provided."

Section 41 of 49 U.S.C.A. makes it a criminal offense to "accept, or receive any rebate, concession, or discrimination in respect to the transportation of any property * * * whereby any such property shall by any device whatever be transported at a less rate than that named in the tariffs published and filed by such carrier."

The indictment discloses that the rate involved is 40 cents per hundred pounds and in addition thereto a charge of 2 cents per 100 pounds, referred to as a pumping charge. The issue here is based entirely on the 2-cent pumping charge. On this point the indictment reads as follows: "That said Manhattan Lighterage Company did assume and absorb, for the advantage of said defendant, said pumping charge of 2 cents per 100 pounds."

This leads to an examination of the rule or tariff for the purpose of ascertaining when and under what circumstances the 2-cent pumping charge may become effective. By stipulation in writing between the parties it is agreed that the item for pumping arises if at all under a rule reading as follows:

"Property loaded in tank cars will be accorded free floatage privileges in lots of six cars or over, or when loaded in less than six cars provided the total weight of shipment exceeds or equals 240,000 pounds.

"When ordered by the shipper or consignee, in writing, and tank barges are available, Vegetable Oils, Foots, Settlings and Tank Bottoms and Fish, Sea Animal, Whale Oils, Linseed Oil, and Molasses in lots of 240,000 pounds or more, may be handled in tank barges in lieu of tank cars on floats from or to alongside steamship and points within free lighterage limits of New York Harbor. Transfer from barges to tank cars or from tank cars to barges to be at expense of shipper or consignee for which service a charge of 2 cents per 100 pounds will be made in addition to the rates from or to New York."

It should be noted that, while the indictment is found under the Elkins Act, the crime involved is not fully defined in that act. We are compelled to look elsewhere for the factors which lead to a complete definition. We find these factors in the filed tariff (rule), and for present purposes they have the same force and effect as statutory provisions. Looking then to the tariff, it will be seen, among other things, that the 2-cent charge does not become effective unless tank barges are "* * * ordered by the shipper or consignee, in writing and tank barges are available. * * *" These requirements are conditions precedent to the right to bill or assess the 2-cent charge. It therefore follows that no criminal concession or discrimination can be spelled out under the Elkins Act when read with the tariff unless these essential conditions are met in the language of the indictment. The indictment is silent on that subject; therefore it charges no crime and the motion to quash must be granted. See United States v. Cook, 17 Wall. (84 U.S.) 186, 21 L.Ed. 538; Davis v. Henderson, 266 U.S. 92, 45 S.Ct. 24, 69 L.Ed. 182; U. S. v. Olds Motors Works (D.C.) 4 F.Supp. 65; and United States v. Wood (D.C.) 159 F. 187. See Stephen's Heard on Pleading, p. 443.