**LOWDEN et al. v. SIMONDS–SHIELDS–LONSDALE GRAIN CO.**

No. 9481.

District Court, W. D. Missouri, W. D.
May 19, 1937.

Conrad & Durham and Dean Wood (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), all of Kansas City, Mo., for plaintiffs.

Borders, Borders & Warrick, of Kansas City, Mo., for defendant.

OTIS, District Judge.

Plaintiffs sue to recover from defendant $624 claimed to be due for services rendered in installing grain doors on 624 cars furnished defendant under a tariff claimed by plaintiffs to be applicable and reading, in part: "The railroad will act as shipper's agent and install grain doors at terminal elevator points specified below, at a charge of $1.00 per car; prior arrangements for the service to be made with the carriers and to cover a specified period of time."

■ Cars were furnished by plaintiffs to defendant in the number stated. The plaintiffs did install grain doors on these cars and billed the defendant at the rate of $1 per car. Not only, however, were "no prior arrangements for the service" of installing the grain doors in question entered into by the plaintiffs and defendant, but the defendant positively and unequivocally refused to enter into such "arrangements." Since, on the face of the tariff, "prior arrangements" were prerequisite to the effectiveness of the tariff, it would seem clear that plaintiffs cannot prevail in this case unless the party or parties for whose benefit the condition precedent of the tariff was written could and did waive it. Plaintiffs contend that the condition was for their (the carriers') benefit and that they could and did waive it.

That the "prior arrangements" condition of this tariff is (1) for the benefit of the carrier and (2) may be waived by the carrier was ruled by the majority of the Interstate Commerce Commission in Board of Trade et al. v. Railway Co. et al., decided April 12, 1937. The reasoning supporting the first of these conclusions is not set out in the report. It seems to us that the conclusion is entirely arbitrary and altogether unsound.

The $1 charge is unreasonably high; the Interstate Commerce Commission so ruled in the case cited. The plaintiffs now admit that in no event should they have judgment at a higher rate than 60 cents per car. Plaintiffs concede that the real value of the services rendered is not more than 60 cents. How can it be said that it is not, in part at least, for the benefit of the shipper that he shall have the right of election between himself installing a grain door (a 60-cent job) and paying another $1 for doing that job. Again, how can it be said that a choice as to whether "the railroad will act as shipper's agent" vel non is of interest only to the railroad and of no interest whatever to the shipper?

■ Not only do we not agree with the majority of the Interstate Commerce Commission in the case cited that the "prior arrangements" condition of the tariff is for the sole benefit of the carrier, but we agree with the minority of that Commission that in no event can such a condition in a tariff be waived by either party. Davis v. Henderson, 266 U.S. 92, 45 S.Ct. 24, 69 L.Ed. 182.

### Findings of Fact.

We find the facts as stipulated and agreed to by the parties considering it unnecessary to make any additional findings of fact.

### Declaration of Law.

Upon the facts found we declare the law to be that the plaintiffs cannot recover from the defendant under the tariff sued upon by plaintiffs and that judgment should be for defendant.

To this declaration of law plaintiffs are allowed an exception.

Counsel for defendant will prepare and submit an appropriate judgment entry.