EASTERN MOTOR EXPRESS, Inc.,
Plaintiff-Appellant-Appellee,

v.

A. MASCHMEIJER, JR., INC., Defendant-
Appellee-Appellant.

No. 372, Docket 24377.

United States Court of Appeals
Second Circuit.

Argued June 12, 13, 1957.

Decided Sept. 12, 1957.

---

31. 28 U.S.C. § 1491. See Note 4 supra.

Jerome G. Greenspan, New York City, for defendant-appellee-appellant.

Zelby & Burstein, New York City (Nathan E. Zelby and Bernard Axler, New York City, of counsel), for plaintiff-appellant-appellee.

Louis Silver, Jersey City, N. J., for The National Freight Claims Council of the American Trucking Ass'ns, Inc., amicus curiae.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

On May 2, 1949 a trailer-truck belonging to Eastern Motor Express, Inc. (hereinafter called plaintiff), a common carrier, was being loaded at the plant of A. Maschmeijer, Jr., Inc., at Newark, New Jersey (hereinafter called defendant). The defendant's shipment consisted of 30 drums of methyl phenyl acetate (hereinafter abbreviated to m. p. a.). The driver's helper inspected the drums, found no leaks and gave the defendant a clean bill of lading.

The truck next stopped in Jersey City at the plaintiff's terminal where miscellaneous freight was put in the trailer. This freight was placed in the center while the drums were put along the sides and front—against the walls.

During the journey, the plaintiff's driver noticed moisture under the trailer and a strange odor. Upon inspection he

found the floor damp, some of the miscellaneous freight soaked through, and noticed a leak in one of the drums. The driver testified he had had no accidents or collisions along the way. At its final destination, on May 5, the trailer was inspected by the head of the plaintiff's claims department. The odor was very strong and the trailer was not entered at that time, but it was observed that the underside of the trailer had lost all its paint. Later that day, the trailer was entered. Two drums were found to be leaking and nearby paint had blistered off the saddle tanks and some of the miscellaneous cargo was found to have been destroyed.

The drums had been consigned to Eli Lilly & Co., and some time after they were delivered the plaintiff paid Lilly for its loss from the leakage.

In this action the plaintiff is suing for damage to its truck-trailer, the amount paid to Lilly, and for damage caused to the miscellaneous freight belonging to other shippers.

After a trial without a jury, the District Court granted motions to dismiss the complaint. The plaintiff has appealed and the defendant has cross-appealed because of the Court's failure to make certain findings.

■ The plaintiff alleged claims based on negligence and on breach of warranty. The breach of warranty argument is twofold. It asserts an implied warranty of fitness and in this connection cites Rule 5, subsection 8(a), of Tariff MF–ICC No. 17, National Motor Freight Classification No. 9. The pertinent part of this rule states: "Barrels * * * drums * * * must be made of wood * * metal * * * or other materials of such strength as to afford safe handling, reasonable and proper protection of contents and to protect against damage to other goods." This rule, the so-called "Packing Rule," was part of the contract in legal effect—as are all properly authorized tariff rules and regulations published by carriers. Davis v. Henderson, 266 U.S. 92, 45 S.Ct. 24, 69 L.Ed. 182;

Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 331, 49 S.Ct. 329, 73 L.Ed. 711; American Ry. Express Co. v. American Trust Co., 7 Cir., 47 F.2d 16, certiorari denied 284 U.S. 629, 52 S.Ct. 13, 76 L.Ed. 536; Standard Hotel Supply Co. v. Pennsylvania R. Co., D.C.S.D.N.Y., 65 F.Supp. 439.

■ The District Judge held that the above-quoted rule did "not require that a drum shall never leak * * * *" 141 F.Supp. 486, but merely required that the drum afford reasonable protection. We disagree with that interpretation. Under the common law, a bailor impliedly warrants that the goods are fit for the use for which the bailment is made at least as against latent unfitness. Hoisting Engine Sales Co., Inc. v. Hall, 237 N.Y. 30, 142 N.E. 342, 31 A.L.R. 536. Thus a shipper in delivering packaged goods for shipment impliedly warrants that the containers, if not patently inadequate, are fit for the contemplated shipment. We think that the Packing Rule (Rule 5, subsection 8(a)), makes it plain that a shipper by motor carrier is within that rule. Indeed, the rule of the common law of bailment is peculiarly appropriate for application to the relationship between shippers and common carriers. For such carriers are under obligation to accept for shipment containers which are not patently unfit for such shipment. In this case, the undisputed facts imperatively required a finding that the defendant had breached an implied warranty existing under the common law as recognized by the Packing Rule. As a defense to the plaintiff's claim of breached warranty, the degree of care exercised by the defendant is irrelevant, for—with exceptions not pertinent here—the duty of the defendant, as bailor-warrantor is absolute. Overbury v. Platten, 2 Cir., 108 F.2d 155, 126 A.L.R. 185; Mulvaney v. King Paint Mfg. Co., 2 Cir., 256 F. 612.

Since we have sustained the plaintiff's claim of breach of implied warranty, there is no need for us to consider the plaintiff's second warranty claim based on an express certification in the bill of

lading or to consider its claim of negligence on the part of the defendant.

■ Defendant has cross-appealed from the failure of the District Court to make certain findings. It is asserted that it was error not to find the plaintiff guilty of contributory negligence due to its failure to secure or brace the barrels or at least to place the other goods on skids or pallets so that they would be 4 to 6 inches above the floor level of the drums.

The District Judge found that the defendant had failed to prove that failure to brace the drums was negligence. This finding we think well-founded. However, no express finding was made as to the plaintiff's failure to use skids and pallets. The point is not material to the issue of liability under plaintiff's claim of breach of implied warranty. If presented on remand on the issue of damages flowing from the defendant's breach the judge will doubtless give it due consideration and make any required findings. Skids and pallets apparently would not have avoided damage to other merchandise caused by the pervasive odor of m. a. p.

■ The defendant also asserts it was entitled to exclusive use of the trailer and thus is not liable for damage to the other goods in the trailer. The District Judge made several findings on this issue and indicated that, if necessary, he would decide it adversely to the defendant. Such a finding is amply supported by the evidence.

The defendant also interposed deviation as a defense, arguing that because the plaintiff's driver on the trip west did not follow the route prescribed by the plaintiff, plaintiff was barred from recovering in this action. It cites the old cases dealing with a carrier's absolute liability once it leaves the route contracted for. But these cases are not applicable to the situation presented by the evidence below: none go further than to hold that a carrier who has deviated from the route contracted for may not in the event of a loss avail himself of a special limitation of liability to the shipper contained in the contract of carriage. Nothing in the deviation cases suggests that a deviation by the carrier operates to relieve a shipper, who has breached his implied warranty of the adequacy of his containers, from the consequences of his breach.

■ There is, however, no need to make a definitive ruling as to the effect of a deviation by the plaintiff on the defendant's liability because the record presented fails to show a deviation. In the operative bill of lading the space provided for statement of the route was left blank and we find no evidence whatever to show that any particular route was agreed on by the parties or prescribed by the Interstate Commerce Commission. Cf. 49 U.S.C.A. § 308(a) and (b).

■ We hold also that the fact that the plaintiff compensated Lilly, the consignee, for its loss does not excuse the defendant for its breach even though the bill of lading expressly excepts from the carrier's liability loss due to the shipper's default as well as the Act of God. For the plaintiff made it plain in its accompanying letter that the payment was made for the preservation of customer relations and was not to be construed as an admission of liability on the part of the plaintiff. That letter also stipulated that acceptance of the plaintiff's check should constitute an assignment to the plaintiff of Lilly's claim against the defendant. Whether, by reason of this payment the plaintiff, as Lilly's assignee or otherwise, is entitled to recover from the defendant the amount of Lilly's loss, will be a question for the court below when it comes to determine the damages.

The defendant's cross-appeal is denied. The plaintiff's appeal is granted and the case is remanded for computation of damages flowing from the defendant's breach of warranty.