**NORTH COAST MANUFACTURING CORPORATION, an Oregon corporation, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Utah corporation, Defendant.**

**Civ. No. 221-59.**

United States District Court
D. Oregon.

March 25, 1960.

Morris J. Galen, Portland, Or., for plaintiff.

Randall B. Kester and Robert B. Batchelder, Portland, Or., for defendant.

SOLOMON, Chief Judge.

This is an action by a shipper against the Union Pacific Railroad for failure to collect C.O.D. charges on two shipments of heating equipment.

The two shipments were delivered to defendant's truck drivers in October and December, 1957, together with bills of lading printed by plaintiff bearing a C.O.D. notation in a place other than that authorized by defendant's tariff.

Plaintiff alleges that the "truck drivers were informed that the shipments were COD shipments and such shipments were

accepted by defendant's truck drivers as such."

The parties agree that defendant's billing clerks failed to notice the C.O.D. notations and, by reason thereof, failed to enter C.O.D. charges on the waybills which accompanied the shipments. The shipments were therefore delivered without collection of the C.O.D. charges.

The parties also agree that, in March, April, and June, 1957, plaintiff tendered shipments on bills of lading identical to those in issue here. On those shipments, defendant's clerks noticed the C.O.D. notations, entered C.O.D. charges on the waybills, and the charges were collected.

Plaintiff contends that the acts of defendant's drivers in accepting the present shipments as C.O.D. shipments, and the acts of the defendant's clerks in accepting the prior shipments as C.O.D. shipments, operated as waivers by defendant of the requirements of its tariff with respect to the form of C.O.D. bills of lading.

Plaintiff admits that railroads lack authority to waive requirements of their tariffs relating to "common carrier" functions, such as demurrage, and minimum and maximum rates. However, plaintiff contends that, in accepting a C.O.D. bill, the railroad functions as a "collection agent", that the C.O.D. bill is therefore in the nature of a private contract and that the railroad is free to waive such requirements.

The authorities fail to support this contention. Davis v. Henderson, 1924, 266 U.S. 92, 45 S.Ct. 24, 69 L.Ed. 182; Empire Box Corporation of Stroudsburg v. Delaware L. & W. R. Co., 2 Cir., 1946, 171 F.2d 389, 6 A.L.R.2d 874. As Judge Learned Hand observed in the Empire Box case, the tariff serves to reduce the complex operations of a railroad to set rules and regulations in order to facilitate "speedy and certain application in practice." 171 F.2d at page 391. This observation is applicable equally to both the "common carrier" and the "collection agent" functions of the railroad.

Defendant's motion for summary judgment is granted.