## ILLINOIS CENTRAL RAILROAD COMPANY

v.

## READY–MIX CONCRETE, INC.

Civ. A. No. 67–1852.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 26, 1971.

William S. Penick, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for Illinois Central Railroad Co.

John T. Keys, Jr., Metairie, La., for Ready-Mix Concrete, Inc.

HEEBE, District Judge:

The Illinois Central Railroad Company has brought this suit against Ready-Mix Concrete, Inc., seeking recovery of $33,737.50 in demurrage charges which allegedly accrued from December 23, 1965, to September 3, 1966. Demurrage is a daily rate charged by a railroad to a consignee (such as defendant) on each railroad car which the consignee fails to unload within a certain time after the car has been either actually or constructively placed by the railroad at the consignee's disposal for unloading. When the railroad is unable to actually place the car on the consignee's spur for unloading because of the consignee's inability to receive it, it can constructively place it at the consignee's disposal by notifying the consignee in writing that the car is being held until he orders it out for unloading.

The railroad bases its claim on the constructive placement of a large number of cars consigned to Ready-Mix and the latter's failure to unload them within the allotted free time. Defendant denies liability, contending that the railroad never constructively placed the cars at defendant's disposal since it never received any constructive placement notices.

This cause was split for trial under Rule 42(b) of the F.R.C.P., and without a jury the Court tried the following single issue, i. e., whether or not the constructive placement notices were mailed by the plaintiff and/or received by the defendant. The Court, having heard the arguments of counsel and having duly considered all of the evidence, is now fully advised in the premises and makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Between December 23, 1965 and September 3, 1966, the period in question, a large number of railroad cars carrying sand and gravel were consigned to Ready-Mix at its place of business in Metairie, Louisiana, and shipped via the Illinois Central Railroad.

2. Because of Ready-Mix's inability to receive and unload all of these cars upon arrival, many of them were held by the Railroad in its Harahan Yard until ordered out for unloading by Ready-Mix, at which time the cars were then delivered to Ready-Mix's spur track.

3. In order to notify Ready-Mix of those cars that were being held in the Harahan Yard, the Railroad's Industry Yard Clerk periodically prepared constructive placement notices for each car on a standard printed form.

4. The address used by the Railroad on the constructive placement notices to Ready-Mix was 2401 Hickory Avenue in *Harahan*, Louisiana. Ready-Mix's correct address was 2401 Hickory Avenue in *Metairie*, Louisiana.

5. Plaintiff produced no evidence that any of these improperly addressed constructive placement notices were ever received by defendant. Also, plaintiff produced no evidence that any of the constructive placement notices were actually mailed by the plaintiff.

6. Defendant produced several witnesses, including former employees who were intimately involved in the handling of the firm's incoming mail, who testified that Ready-Mix never received in the mail any constructive placement notices from the Railroad during the period in question.

7. Plaintiff relies chiefly on the testimony of various postal officials as to the routine procedure followed when mail is not properly addressed. At best, this testimony shows that there is a good possibility that improperly addressed mail would either be delivered to the correct address or returned to the sender.

8. Although none of these notices were apparently ever returned to the sender, the Court believes that the inferences to be drawn from this evidence are

insufficient to satisfy the plaintiff's burden of proof.

 9. The Court declines to draw any inferences from the failure to call certain witnesses, such as Mrs. Hall, since presumably either party could have called these witnesses.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C.A. § 1332 and also under 28 U.S.C.A. § 1337.

2. Under the applicable tariff on file with the Interstate Commerce Commission which defines the respective rights and obligations of the parties hereto, the pertinent parts of which tariff were introduced in evidence, the Railroad was required to notify Ready-Mix in writing of the constructive placement of cars consigned to Ready-Mix before demurrage could be charged on those cars.

 3. Although a letter properly addressed and posted which has not been returned to the sender is legally presumed to have been delivered to the addressee, this presumption does not arise here since the letter was improperly addressed. See 1 Wigmore on Evidence, § 95 (3rd ed. 1940); Manassa Timber Co. v. New York Central R. Co., 160 I.C.C. 126 (1929).

 4. The tariff rule requiring the railroad to notify a consignee in writing of the constructive placement of cars consigned to him must be strictly complied with by the railroad. Davis v. Henderson, 266 U.S. 92, 45 S.Ct. 24, 69 L.Ed. 182 (1924); Eastern Wine Corp. v. New York Central R. Co., 355 F.2d 30 (2d Cir. 1966); Empire Box Co. v. Delaware, L. & W. R. Co., 171 F.2d 389 (2d Cir. 1948) (per L. Hand, C. J.).

 5. The Illinois Central Railroad Company has failed to sustain its burden of proving that it strictly complied with the tariff rule by sending the defendant written constructive placement notices.

Accordingly, it is the order of the court that judgment be entered in favor of defendant Ready-Mix Concrete, Inc., and against plaintiff Illinois Central Railroad Company at its costs.