**MOTOR CRANE SERVICE COMPANY,**
**Plaintiff-Appellee,**

v.

**BARKER CONSTRUCTION CO., INC.,**
**Defendant-Appellant.**

No. 80CA0712.

Colorado Court of Appeals,
Div. I.

July 15, 1982.
Rehearing Denied Sept. 17, 1982.

Gerald M. Madsen, P.C., Gerald M. Madsen, Littleton, for plaintiff-appellee.

Gary S. Cohen, Denver, for defendant-appellant.

VAN CISE, Judge.

Claiming that plaintiff, Motor Crane Service Company (the bailor), failed to establish even a *prima facie* case that defendant, Barker Construction Co., Inc. (the bailee), was negligent and that the damages awarded were excessive, the bailee appeals a judgment entered against it for the replacement cost of a 6,000 pound cast-iron breaker ball rented from the bailor. We affirm.

■ In this case the plaintiff leased the breaker ball to the defendant at a monthly rental for use in breaking rock at a quarry in the Big Thompson Canyon. The trial court properly viewed this transaction as a bailment for hire. *Electrical Products Corp. of Colorado v. Mosko,* 88 Colo. 447, 297 P. 991 (1931); *Peterson v. Nevada Motor Rentals, Inc.,* 28 Colo.App. 102, 470 P.2d 905 (1970).

■ The trial court found, and the evidence supports the findings, that the ball was in good condition when delivered to the bailee, was broken into three or more pieces while in the possession of and being used by the bailee, was not repaired or replaced by the bailee, and was returned in pieces to the bailor. From these facts the presumption arose, and a *prima facie* case was established, that the damage occurred as a result of the bailee's negligence. *Christensen v. Hoover,* Colo., 643 P.2d 525 (1982).

It then rests upon the bailee " 'to explain the loss and exonerate [itself]; which [it] may do by showing (a) that the loss or damage was due to some special cause which ought specially to excuse [it]; or (b), more generally, that [it], the bailee, was not culpably negligent. . . . ' " *Nutt v. Davison,*

54 Colo. 586, 131 P. 390 (1913). On such a showing, the burden then shifts back to the bailor to overcome the bailee's *prima facie* exoneration. *Nutt, supra.*

■ Here, the bailee claimed metal fatigue in the 20-year-old ball as a special cause of the damage and also as evidence that the ball was defective when it was delivered to the bailee. However, its expert testified that metal fatigue, if any, was only one of several possible causes for the break. Neither did the bailee succeed in its attempt to prove due care in its use of the ball. In fact, there was testimony to support inferences of lack of due care. Thus, the presumption was not rebutted, and the trial court properly held that the bailee was negligent as a matter of law.

■ In addition, the failure to repair or replace the broken ball and its return in pieces constituted a breach of the lease contract which contained the provision that "repairs other than normal wear and tear will be paid by the user." And, as it failed to excuse or justify the breach, the bailee was liable on this alternate claim also.

■ As to the amount of damages, the evidence and the findings were that a breaker ball has virtually an unlimited life, that this ball was unique and was the largest breaker ball in the area, and that the replacement cost was $2,875.50. There was no evidence presented as to market value of the ball before its destruction, but the contract required it to be repaired. In this instance, since the ball was a total loss, cost of repair was equal to replacement cost.

Judgment affirmed.

COYTE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Defendant, Barker, rented a cast-iron breaker ball from plaintiff, Motor Crane, to break rock. Barker failed to pay the agreed rental and subsequently returned the broken parts of the ball. Motor Crane filed suit for unpaid rent and for negligent destruction of the breaker ball. Barker's answer generally denied liability and, among various affirmative defenses and counterclaims, alleged that the breaker ball was not suited for the known anticipated use.

Trial was to the court without a jury. The trial court entered judgment for Motor Crane on the claim of damage to the breaker ball and for part of the claimed rent. It concluded that the failure to return the breaker ball in the condition received raised a presumption of negligence against Barker. Barker does not appeal the judgment for accrued rent or the dismissal of its counterclaims.

Barker claims that the trial court erred in failing to dismiss Motor Crane's negligence claim for failure to present any evidence that the damage to the breaker ball was, or could have been, caused by negligence. I agree.

The trial court's application of the traditional rules of bailment for hire is inapposite. Motor Crane was not paying Barker to safe-keep the breaker ball. Rather, Barker was paying Motor Crane for the use of a chattel purportedly suitable to break rock. The mutual rights and liabilities of bailors and bailees, at common law, turn essentially upon the direction of recompense. *See generally Schouler's Bailments and Carriers,* § 14 (3rd ed. 1897).

Here, the sole evidence is that Barker did use the breaker ball in the manner and purpose for which it was leased. And, whether called bailee or lessee, Barker had the right to rely upon an implied warranty that the ball was reasonably suited for the intended use. *Eastern Motor Express, Inc. v. A. Maschmeijer, Jr., Inc.,* 247 F.2d 826, 65 A.L.R.2d 765 (2d Cir. 1957); *Price Boiler & Welding Co. v. Gordon,* 138 F.Supp. 43 (E.D. Mich. 1956).

The presumption which the trial court raised in favor of Motor Crane is akin to the presumption of negligence raised in *res ipsa loquitur* situations. However, as in *res ipsa loquitur,* the presumption does not apply where, on proof of the occurrence with-

out more, the matter still rests on conjecture alone, or the damage can just as easily be attributed to other causes. *Branco Eastern Co. v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971). Thus, since Motor Crane failed to introduce any evidence that the damage to the breaker ball would not have occurred, but for negligent or purposeful misuse, it was not entitled to the presumption of negligence relied upon by the trial court.

I would therefore reverse the judgment insofar as it awarded damages for the destruction of the breaker ball.