In re AMERICAN PROPERTIES,
INC., Debtor.

BOARD OF COUNTY COMMISSIONERS
OF JOHNSON COUNTY,
KANSAS, Plaintiff,

v.

COLEMAN AMERICAN PROPERTIES,
INC., A Kansas Corporation,
Defendant.

Bankruptcy No. 82–0375.
Adv. No. 80–40156.

United States Bankruptcy Court,
D. Kansas.

May 15, 1983.

Phillip S. Harness, Asst. County Counsellor, Olathe, Kan., for Johnson County Board of County Com'rs.

R. Pete Smith and Chris W. Henry, of McDowell, Rice & Smith, Kansas City, Kan., for debtor.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 11 proceeding, upon the debtor's motion for reconsideration, issues of notice are presented.

The issues presented for determination are:

1. Was proof of mailing shown by the debtor, sufficient to create a presumption that notice was received.

2. Was notice that the debtor was disputing the creditor's claim constitutionally sufficient to bar filing of a claim after September 9, 1980.

### FINDINGS OF FACT

The debtor filed a chapter 11 petition in bankruptcy on March 5, 1980. The Court file does not contain a certificate of service indicating the Johnson County Board of County Commissioners (The Board) was sent notice of the chapter 11 proceeding until August 22, 1980. This Court held that the September 9, 1980 deadline for filing claims was insufficient time after the August 22, 1980 notice to allow the Board to file a timely claim. See the Order in this case issued on February 4, 1983.

The debtor filed a motion for reconsideration and at a hearing held March 11, 1983 the following evidence was adduced:

All notices and mailings in this case were done by Electronic Processing, Inc. (EPI). R. Pete Smith, an officer and director of EPI testified concerning EPI procedures for mailings. Mr. Smith testified that all creditors listed on EPI's computer printout creditor register (exh. 2C) were mailed notice of the bankruptcy proceeding together with a Proof of Claim form. This mailing occurred on April 7, 1980. The Johnson County Treasurer was included on the creditor print-out list. Creditors on the computer register were mailed notice of the bankruptcy proceeding in the numerical sequence in which their claims were assigned

in the computer register. Proof of claims were filed on the forms provided to creditors by this mailing by both the Douglas County Treasurer and the Reno County Treasurer. Douglas County was number 45 on the computer register and Reno County was number 37. Johnson County was number 39. Thus, creditors preceding and following Johnson County on the computer register received the notices mailed on April 7, 1980 and in fact timely filed claims.

Mr. Smith testified that mail sent to the Johnson County Commissioners was never returned.

Mr. Smith testified that in the regular course of EPI's business all mail processed by EPI's computer service was mailed. Furthermore, creditors immediately before and after Johnson County received the April 7, 1980 notice. Thus, the Court believes the debtor has shown that the April 7 mailing was made and it was mailed to Johnson County in the regular course of EPI's business.

The Board offered an affidavit of Lyndus A. Henry, County Counselor of Johnson County. Mr. Henry stated that his

> records do not show, nor do I have any independent recollection thereof, of receipt of any notice of the above-referenced bankruptcy proceeding until a few weeks prior to the filing of my Proof of Claim.

Mr. Henry also stated:

> I customarily and habitually file Proofs of Claim within a few weeks of receipt thereof.

Mr. Henry did not file a proof of claim until July 8, 1981. Thus Mr. Henry is stating that he did not learn of the bankruptcy proceeding until just before July 8, 1981. The Court has already found that the Board was sent the notice of August 22, 1980. (See order of February 4, 1983). Furthermore, notice and proof of claims were not directed to Mr. Henry by the debtor, but rather were sent to the County Treasurer. Thus, Mr. Henry's affidavit only shows that the County Treasurer did not forward the notice to the County Counselor, and does not show the County Treasurer failed to receive notice.

Mr. Henry and the Board do not allege the address used by the debtor was incorrect.

The debtor's schedules contained in the Court file listed all debts, including the Board's, as "unliquidate." The April notice alleged by the debtor to have been mailed to the Board did not state that the Board's claim was unliquidated, disputed or contingent. Notice that debts were "unliquidate" or that claims were disputed was not specifically directed to each creditor, and was not specifically directed to the Board until the August 22, 1980 notice was mailed. The August 22, 1980 notice informed the Board that its claim was listed as "disputed" (in fact the Board's claim was listed as "unliquidate," not disputed) and that the Board had until September 9, 1980 to file its claim. The Board filed its claims on July 8, 1981 (claims # 46 and 47).

The disclosure statement was approved on December 23, 1981 and the plan was confirmed on March 31, 1982.

## CONCLUSIONS OF LAW

### 1. Notice

When mail is properly addressed, stamped and deposited in the mail system, there is a presumption it was received by the party to whom it was sent. See, e.g., *Legille v. Dann,* 544 F.2d 1 (D.C.Cir.1976). Proper mailing, however, must be proved before the presumption is activated. Id. *Simpson v. Jefferson Standard Life Ins. Co.,* 465 F.2d 1320 (6th Cir.1972). Proof of custom of mailing is sufficient to carry the burden of proper mailing, see *Simpson v. Jefferson Standard Life Ins. Co.,* 465 F.2d 1320 (6th Cir.1982); *Gulf Coast. Invest. Corp. v. Secretary of Housing and Urban Devel.,* 509 F.Supp. 1321 (E.D.La.1980); *J.I. Case Co. v. Sinning Bros. Motor Co.,* 137 Kan. 581, 21 P.2d 328 (1933), and proof of customary and usual computer procedures is sufficient to show adherence to a usual and customary procedure. *Gulf Coast Invest. Corp. v. Secretary of H.U.D.,* 509

F.Supp. 1321 (E.D.La.1980). The mailing employee need not testify. *J.I. Case Co. v. Sinning Bros. Motor Co.,* 137 Kan. 581, 583, 21 P.2d 328, 330 (1933).

■ If the proper and correct address was not used the presumption cannot be activated. *Illinois Central R.R. v. Ready Mix Concrete, Inc.,* 323 F.Supp. 609 (E.D. La.1971).

■ Denial of receipt does not, as a matter of law, rebut the presumption, but rather creates a question of fact. See, e.g., *Swink & Co. v. Carroll McEntee & McGinley, Inc.,* 266 Ark. 279, 584 S.W.2d 393 (1979).

■ The Court holds the evidence presented by the debtor was sufficient to establish proper mailing in April, 1980 to the Johnson County Board of County Commissioners. Therefore, there is a rebuttable presumption that the Board received notice of the debtor's chapter 11 proceeding in April, 1980. The evidence in the form of an affidavit presented by the Board was unconvincing because a strong inference to be drawn from the affidavit was the Board received notice but did not properly forward it to its attorney. Therefore, the Board's evidence was insufficient to rebut the presumption of receipt upon proof of mailing.

### 2. Dispute of Claims

In chapter 11,

A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a).

Collier states:

Section 1111(a) serves one simple function. It relieves a holder of a claim . . . from having to file a proof of claim . . . in a chapter 11 case provided that (i) the list of creditors . . . referred to in section 521(1) has been filed, and (ii) the particular claim or interest is correctly scheduled and is not scheduled as disputed, contingent, or unliquidated.

5 Collier on Bankruptcy ¶ 1111.01[3] at 1111–5 to –6 (15th Ed.1982).

In *Dresser Indus., Inc. v. Rite Autotronics Corp., (In re Rite Autotronics Corp.),* 27 B.R. 599, 10 B.C.D. 316 (Bkrtcy.App. 9th Cir.1982), the bankruptcy court found the debtor's schedule disputed all claims under 11 U.S.C. § 1111(a). The appellate court held:

where a debtor questions the quality of a claim thereby placing the creditor in a position of potential default and loss, *due process would call for specific notice to the creditor.* Filing of schedules at a place frequently far removed from the location of the creditor, as a practical matter, is not an optimal method for providing the creditor with an opportunity to learn that there is a dispute or question concerning his claim.

27 B.R. 599, 10 B.C.D. at 318 (emphasis added). The appellate Court went on to state:

The problem here has been brought about by the debtor contending that it filed schedules which disputed appellant's claim (together with those of all unsecured creditors allegedly because of accounting problems). If the claims were not disputed, appellant would not have been required to file a claim, since it would have been deemed filed by virtue of it being scheduled without indication as to it being disputed, contingent, or unliquidated. 11 U.S.C. § 1111(a) . . . .

Id. 27 B.R. 599, 10 B.C.D. at 319.

■ In the instant case, the debtor scheduled all claims as "unliquidate." Specific notice to creditors that debts were "unliquidate," thus requiring that claims *had to be filed* to be allowed under 11 U.S.C. § 1111(a), was not sent by the debtor until August 22, 1980. In its previous Order, the Court found that this notice was mailed and the Board received this notice. A certificate of service of this mailing is included in the Court file. Thus, the debtor proved mailing and receipt of the August 22, 1980

notice is presumed. The presumption was rebutted only by a denial of receipt. For the same reasons that the Court found the presumption of receipt for the April notice was not rebutted, the Court holds the Board did not rebut the presumption that the August notice was received. Therefore, the Court holds the August notice was in fact sent to and received by the Board.

 In its previous Order, the Court also found the August notice was nevertheless constitutionally deficient. A creditor has the right to assume that proper, adequate, and constitutional notice will be provided before its claim is forever barred. *New York v. New York, N.H. & Hartford R.R.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *In Re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974). Certainly constitutional due process requires that notice must be fundamentally fair and reasonably calculated to apprise interested parties. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), 4 C. Wright & A. Miller, Federal Practice and Procedure § 1074 at 301 (1969).

The Court holds that the notice of the bankruptcy proceeding mailed in April, 1980 was constitutionally insufficient to notify the Board that its claim must be filed. *In Re Rite Autotronics Corp.,* supra. The Court further holds that the August 22, 1980 notice to the Board informing the Board for the first time that its claim was disputed and thus requiring the Board to file a claim was constitutionally insufficient to forever bar the Board's claim after September 9, 1980 because only a short period of time was allowed for claims to be filed. As the Court stated in a previous order:

> [I]t is clear that it was not fundamentally fair to require Johnson County to file a proof of claim within 15 days. It is patently clear that the September 9, 1980 filing date should not have applied to claims filed by the Board.

(Order of February 4, 1983 at pg. 6).

The debtor's objection to the Board's claim was that it was untimely filed. As the Court ruled on February 4, 1983, the Board's claim filed in July, 1981 was not untimely because notice that the Board's claim must be filed by September 9, 1980 was not sent by the debtor until August 22, 1980.

Upon reconsideration, the Court holds the Board's claim was no bound by the September 9, 1980 deadline. Therefore, the claim having been filed before the ultimate bar date approval of the disclosure statement on December 23, 1981, the claim was timely filed. See Local Bankr.Rl. 3001(b)(3). The debtor's objection must be overruled, and the claim is allowed as filed.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.