UNITED VIDEO BUYERS ASSOCIATION, PLAINTIFF, v.
NORTH PENN TRANSFER, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided July 3, 1985.

*Walter J. McNicholas,* for plaintiff.

*Andre Shramenko,* for defendant.

WEFING, J.S.C.

This motion for summary judgment by defendant North Penn Transfer Inc. (North Penn) raises a novel issue in New Jersey. May a trucking company escape liability to a shipper/consignor when it accepted "certified" checks which did not contain the signature of a bank officer for allegedly C.O.D. deliveries when the bills of lading under which the goods were shipped did not comply with published federal tariff classification and freight classification rules for C.O.D. shipments?

The issue arises in the following context. For the period from December 22, 1981 to January 18, 1982, defendant North Penn made eight deliveries of video recorders and related equipment to The Video Store in North Providence, Rhode Island. Plaintiff contends that under the bills of lading, the shipments were C.O.D., cash or certified check only. Defendant's drivers, who treated these shipments as C.O.D., accepted checks marked certified but which were not signed by a bank officer. When plaintiff deposited the checks, they were returned for insufficient funds.

North Penn argues that the shipments were not properly C.O.D. and that it is thus not liable for accepting the checks which were ultimately dishonored.

The goods in question were shipped interstate from plaintiff's facility in Fairfield, N.J. to Rhode Island. The shipments are thus governed by the Interstate Commerce Act, 49 *U.S.C.A.* § 1 *et seq.,* more specifically the Pomerene Bills of Lading Act, 49 *U.S.C.A.* § 81 to § 124. The latter provisions govern "bills of lading issued by any common carrier for the transportation of goods ... from a place in one state to a place in another state." 49 *U.S.C.A.* § 81. In interpreting these statutes, a state court should follow federal case law. *Checker Van Lines v. Siltek International, Ltd.,* 169 *N.J.Super.* 102 (App.Div. 1979); *Datapoint Corp. v. Lee Way Motor Freight Inc.,* 572 *F. 2d* 1128 (5 Cir.1978).

 The Uniform Commercial Code defines a bill of lading as "a document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods." *N.J.S.A.* 12A:1–201(6). A bill of lading is both a receipt and a contract. *Transcan Lines v. Lipo Chemical Inc.*, 193 *N.J.Super.* 456 (Cty.D.Ct.1983). A C.O.D. term in a bill of lading or other contract means collect on delivery. The carrier under a C.O.D. shipment performs two roles: he is a bailee for the transport of goods and he is an agent for the collection of the price of goods. The former duty is imposed by law, the latter by private contract. Annotation, "Liability of Carrier for Delivering Goods Sent C.O.D. Without Receiving Cash Payment," 27 *A.L.R.*3d 1320, 1324 (1967).

Defendant points to federal rules governing freight classifications, specifically rules 190 (J) and 190 (L) to indicate that it performed properly under the C.O.D. term. A bank certified check is an accepted form of payment on C.O.D. shipments rule 190 (J). Upon collection of such payment, the carrier must remit the payment to the consignor within ten days after delivery of the shipment. Rule 190 (L); 49 *C.F.R.* § 1052.3.

Plaintiff does not seriously contend that the bills of lading in this case complied with the requisite federal rules but rather that the trucking company knew that the shipments were C.O.D. and should be held responsible for treating them as such.

 The general rule is that a carrier may not waive or alter the tariff requirements that a C.O.D. notation be placed on a specific spot on the bill of lading itself. *North Coast Mfg. Corp. v. Union Pacific Railroad Co.*, 185 *F.Supp.* 287 (D.Or. 1960)

In that case, the bills of lading, printed by plaintiff-shipper/consignor, bore the C.O.D. notation in a place other than that authorized by defendant's tariff and rules. *Id.* at 296. Plaintiff alleged the bills of lading were valid as C.O.D. In early 1957 defendant's shipping clerks noticed the C.O.D. notation (though out of place) and made deliveries and collected

payment on a C.O.D. basis. Some months later, the same form bill of lading was used, but defendant's clerks did not notice the C.O.D. language. Defendant did not collect payment upon delivery to the consignee. In a suit for damages, plaintiff-shipper/consignor argued that defendant carrier had, by the earlier deliveries, waived the requirement that the C.O.D. notation appear in a specific location of the bill of lading. The court rejected that argument and found that the carrier could not waive that which is required by federal classifications and granted summary judgment for the carrier.

I am satisfied that the policy reasons that underlie the *North Coast* line of cases (see Judge Learned Hand's exposition in *Empire Box Corporation v. Delaware L & W. R. Co.*, 171 *F.*2d 389 (2 Cir.1946)) do not apply in this case. That policy evolved to deal with the responsibilities and obligations of billing clerks faced with a constant stream of bills of lading and other documents. It is not too much to say that a carrier may insist that all such documents be prepared in conformance with the requisite regulations before it may be held liable for deviating from the shipper's instructions.

But in this case, liability is not posited on a shipping clerk's failure to notice C.O.D. instructions; indeed, the improperly placed C.O.D. instructions were noted and a C.O.D. fee charged to the shipper. Liability rests, not on the carrier's failure to treat these as C.O.D. shipments at all but, having undertaken to treat these as C.O.D. items, doing so in a negligent manner when it accepted certified checks not signed by a bank officer. A carrier which accepts C.O.D. shipments for delivery "should reasonably be required to educate its agents and employees as to the identifying characteristics of a certified check." *The Video Station v. Frey's Motor Express*, 188 *N.J.Super.* 494, 499 (App.Div.1983).

Defendant's motion for summary judgment is denied.